JOSEPH A. MARSH v. ESTATE OF WILLIAM E. TUNIS.

*Action for increase of salary.*

In a suit for a fixed salary evidence of the reasonable value of the services is inadmissible.

In a suit against an estate evidence merely tending to show that the decedent had promised to increase the claimant's salary after a certain date, but not showing an actual agreement so to increase it, will not support a claim for additional wages.

Error to Wayne. Submitted June 12. Decided June 18.

APPEAL to the Circuit Court from the rejection by commissioners in probate of a claim against the estate. Claimant brings error.

*Charles Flowers* for plaintiff in error. If there is any evidence to sustain a case, its weight is to be decided by the jury and not by the judge, *McKown v. Craig,* 39 Mo., 156; *Gaither v. Ferebee,* 1 Winst., 310; *Kelly v. Hendrie,* 26 Mich., 255; *Perrot v. Shearer,* 17 Mich., 48; *Blackwood v. Brown,* 32 Mich., 104.

*F. A. Baker* for defendant in error.

MARSTON, J. Marsh presented a claim against Tunis' estate for balance of salary from January 1st, 1876, to April 1st, three months at fifteen hundred dollars per annum, which was disallowed, and upon appeal and trial in the circuit court the jury were instructed that their verdict must be for the estate and against the claimant.

The claim presented was not one to recover the reasonable value of his services, but to recover a certain amount, a portion of a fixed yearly salary. Under such a claim evidence tending to show the value of the services performed was not admissible. While there was evidence introduced tending to show promises to increase the claimant's salary after January 1st, yet the evidence

did not show an agreement so to increase it, while the evidence did show that the claimant had been working under a salary of one thousand dollars per year, and that for the services performed during the three months mentioned he had been allowed and paid the sum of $250. This under the evidence was all he was entitled to, and not having introduced any evidence fairly tending to prove an agreement to pay him fifteen hundred dollars per year, he was not entitled to recover the balance of $125 claimed.

There was no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.