ALEXANDER McLENNAN v. DONALD McDERMID ET AL.

*Election between counts— Usage.*

*It seems* that a motion to require plaintiff to elect between common and special counts in his declaration, ought to be granted where the grounds for recovery thereunder may be inconsistent with each other; or else the trial judge should restrict recovery under the special counts to items which fall within the precise terms of the agreement on which the count is based.

A contract was made for timber to be delivered on the cars in the vicinity of Point St. Ignace, subject to inspection of the railway company's inspector. In an action for the price, plaintiff counted upon the contract and also relied upon the common counts, but he did not try to show that the timber had been inspected, and claimed the right to show that it was understood that inspection should take place at the points of delivery. The inspector testified that the custom was to inspect at St. Ignace, and declined to inspect otherwise. *Held* that the contracts contemplated such inspection as was customary, and that plaintiff could not show, against objection, that the timber delivered corresponded to the requirements, without regard to inspection, especially if he knew what the custom was.

Error to Mackinac. (Steere, J.) April 12.—April 18.

ASSUMPSIT. Defendants bring error. Reversed.

*Humphrey & Perkins* for appellants. In an action for the price of lumber it was not admissible for plaintiff to show the amount of piles delivered on board of the cars, their size and quality, the several places where they were delivered, the total number of cubic feet and the value of the timber, under special counts, declaring on a special contract that made the inspection of the piles and timber a condition precedent to payment therefor and appointed a certain person as such inspector and where by the contract the plaintiff could only recover for such timber as passed inspection : *Baasen v. Baehr* 7 Wis. 516; *Hudson v. McCartney* 33 Wis. 331; *Bannister v. Patty* 35 Wis. 215; *Savercool v. Farwell* 17 Mich. 308; *Merick v. McNally* 26 Mich. 374; *Martus v. Houck* 39 Mich. 431; Benjamin on Sales 559; *Hitchens v. Shaller* 32 Mich. 498; and the basis of recovery under the common counts would be on the equitable ground that the plaintiff had furnished the defendant something of value which the defendants had appropriated, and should pay what it was reasonably worth, less the damages he had sustained by the non-performance of the entire contract by the plaintiff: *Allen v. McKibbin* 5 Mich. 449; *Wildey v. School Dist.* 25 Mich. 419; *Begole v. McKenzie* 26 Mich. 470; *Chapman v. Dease* 34 Mich. 375.

*Cady & Hoffman* for appellee. If the language of a contract for the sale of lumber is ambiguous as to the time and place of inspection oral evidence is admissible to show what the understanding was : *Gillett v. Bowman* 43 Mich. 477; and if a provision is obscure it should be construed most strongly against the party who had it placed in the contract: *Wetmore v. Pattison* 45 Mich. 439; *Lingham v. Eggleston* 27 Mich. 324; when there is no misjoinder of counts, or of causes of action, the refusal of the court to compel the plaintiff to elect between counts is not reviewable : *Cook v. Perry* 43 Mich. 623.

COOLEY, J. This suit was brought to recover for piles and other timber furnished by plaintiff to defendants for a railroad dock which defendants were to construct at St.

Ignace. The declaration contains counts on written contracts for the delivery of timber, and also the common counts. The first written contract, omitting the attached bill, is as follows:

"Agreement made this 20th day of October, 1881, between Alexander McLennan, of the first part, and McDermid & Hendrie, of the second part.

Whereas the said party of the first part agrees to deliver on the cars of the D., M. & M. Ry., in the vicinity of Point St. Ignace, Norway pine and cedar piles as per attached bill, said piles to be 15 inches at the butt end and 8 inches at the small end, and of good, sound, straight timber, subject to inspection of D., M. & M. Ry. Co.'s inspector. It is further agreed that all piles are to be delivered in proportionate quantities in November and December, 1881, and all to be delivered before January 15th, 1882.

In consideration of the foregoing the said parties of the second part agree to pay nine cents per lineal foot for all piles delivered on right of way to the said party of first part, monthly, that has passed inspection between the 15th and 21st of each month, for all piles delivered in the preceding month, less ten per cent., which will be retained until completion of contract.

ALEX. McLENNAN.
McDERMID & HENDRIE.

Witness for McLennan: J. GUY.
For McDermid & Hendrie: C. S. MURRAY."

The second contract consists of a bill of timber with the following attached:

"We promise to pay you the following prices for the above timber: $14 per M., b. m., for the dock timber; 9c. per lineal foot, 12x12 flatted timber; 5c. per lineal foot, 8x8 flatted timber. All the above must pass the inspection of the engineer in charge. McDERMID & HENDRIE."

November 18, 1881.

On the trial plaintiffs proceeded to show that after entering into the contracts he went on to perform the same by delivering timber on the cars of the Detroit, Mackinac & Marquette Railroad at points from ten to thirty miles distant from St. Ignace, and that the timber was taken to that place where a portion of it was used for the dock. Plaintiff made no attempt to show that the timber was inspected, but he excused this by giving evidence that the timber was sent

forward to St. Ignace without inspection, and he claimed that the fair construction of the contract was that inspection should have taken place at the points of delivery, and that if this was in doubt on the papers, he was entitled to show by oral evidence that such was the understanding. On this point some evidence was put in by him which he contended favored the understanding which he set up. The plaintiff further testified that the timber delivered by him conformed to the contracts, and he claimed, on this evidence, a right to recover the contract price. All of this evidence respecting the conformity of the timber to the contracts, and the alleged understanding about inspection, was objected to by defendants, but received.

The defendants gave evidence tending to show that the timber delivered to them was inspected by the inspector of the Detroit, Mackinac & Marquette Railway at St. Ignace as fast as they had occasion to use it, and that this was the customary place and method of inspection, and the inspector refused to inspect elsewhere. The inspector testified that he rejected a considerable portion of the timber as not being in conformity with the contracts, and that the culls were now lying unused, where they had been thrown out. This brief abstract of the important facts brought out by the evidence is sufficient for an understanding of the legal questions.

The defendants insisted that they were liable to pay only for such timber as had passed inspection, unless other timber had been used by them; and they requested the court to require plaintiff to elect whether he would go to the jury on the special counts or on the common counts. This request was declined; and although the judge in his instructions appears to have taken substantially the same view of the rights of the parties under the contracts that was taken by the defendants, the jury gave the plaintiff a verdict on a basis which assumed that the timber delivered was in conformity to the contracts. The defendants moved for a new trial, but the motion was denied.

Commonly a motion that the plaintiff shall elect between

counts is addressed to the discretion of the trial judge, and the exercise of his discretion will not be reviewed. *Cook v. Perry* 43 Mich. 623. But in this case it seems very manifest that the motion should either have been granted, or the judge should have carefully restricted the recovery for timber alleged to have been delivered under the contracts to such as had passed inspection. The grounds for recovery under the special counts and under the common counts might be quite inconsistent with each other; and when the evidence taken in the case was suffered to go to the jury as supporting a verdict under either, what happened in the case was a natural result, namely, that the jury gave the plaintiff a verdict on a theory which the instructions of the judge did not sanction. It is equally manifest that under such circumstances the verdict for the plaintiff ought to have been set aside; but here again we are in the domain of discretion; and the trial judge having the discretion refused. What we have, then, is a judgment altogether unwarranted by the evidence or by the instructions; and justice requires that defendants should have the full benefit of all the exceptions taken by them in the course of the trial whereby they sought to protect themselves against such a result.

The objection to such evidence of the plaintiff as was designed to show that the timber delivered corresponded to the requirements, without regard to the inspection, ought to have been sustained. The contracts were not ambiguous, and they evidently contemplated such an inspection by the railway inspector as was customary. The inspector testified that the custom was to inspect at St. Ignace when the timber was used, and he declined to inspect otherwise. Plaintiff himself loaded the timber on the cars and sent it forward, and, as we gather from his evidence, sometimes accompanied it to St. Ignace. To allow him under such circumstances to ignore the method which the parties agreed upon for determining the conformity of the timber to the contract, and permit it to be passed upon by a jury on the conflicting evidence of witnesses, is to make for the

parties a new contract, and to subject the defendants to liabilities and contingencies they have never assented to. This is not to be permitted.

Some minor questions in the case we do not pass upon, either because they are imperfectly presented by the record, or because they do not seem to us likely to arise in the same way again. Defendants appear to have used some portion of the culls by consent of the plaintiff, and for those they must make payment according to value.

The judgment must be reversed with costs and a new trial awarded.

The other Justices concurred.