ALEXANDER McLENNAN v. DONALD McDERMID ET AL.

*Election between counts—Sale subject to inspection—Damages.*

1. Whether it is not an abuse of judicial discretion to allow a plaintiff who has elected to proceed under special counts to change his election and ask for judgment on the common counts—Q. But where, in either case, the plaintiff must rely on the same facts and the defense is the same, the error is unimportant.

2. In suing for the price of a quantity of timber shipped to defendants at a distance, and received subject to inspection, it is proper for plaintiff to show, as an element in the case, how much was loaded

for shipment, if it appears that some of it was taken by defendants before inspection and that they used some which did not pass.

3. The measure of damages for lumber sold under a contract, subject to inspection, is the contract price for such as passed inspection, and the market value for such as did not but was taken by defendant.

Error to Mackinac. (Steere, J.) Jan. 17.—Jan. 22.

Assumpsit. Defendants bring error. Affirmed.

*Humphrey & Perkins* for appellants.

*Cady & Hoffman* for appellee. Where anything has been done under an agreement, from which one party has received substantial benefit which he has appropriated, recovery may had· based for that benefit on quantum meruit. *Allen v. McKibbin* 5 Mich. 449; *Chapman v. Dease* 34 Mich. 375.

Cooley, C. J. This suit was once before in this Court, and the decision upon the questions then raised is reported in 50 Mich. 379. The case has been re-tried and a judgment rendered for the plaintiff, upon which the defendants again bring error.

The action was for the recovery of the price or value of timber sold by plaintiff to be delivered to defendants at St. Ignace. The terms of the sale were in writing, and the contract specified that the timber should be subject to inspection by the inspector of the Detroit, Mackinaw & Marquette Railroad Company. The timber was cut in the woods at some distance from St. Ignace, and sent forward by rail, and the parties were in controversy respecting the amount received by the defendants.

The declaration contained counts on the contract, and also the common counts. The court required the plaintiff to elect whether he would proceed on the special counts or on the common counts, and he first elected to proceed on the special counts, but afterwards, and before the case went to the jury, was permitted to change this election, and to ask for judgment on the common counts. This permission is

complained of; and it certainly seems to have been a very liberal exercise of judicial discretion. Under the circumstances of this case, however, we cannot think the defendants were injured or embarrassed by it. The case was such that, whether recovery was asked on the special or the general counts, the same facts had to be relied upon by the plaintiff, and the same defense made. We think there was no legal error in this ruling.

The plaintiff, in making proof of the amount of his timber received by the defendants, called the inspector of the railroad company, who testified that he inspected the timber received at St. Ignace, and that a certain quantity which he specified passed inspection, while a large quantity was rejected. It appears from his testimony that timber was used by defendants before inspection; and this was not only a method of dealing with the property which was not contemplated by the contract, but also one very well calculated to raise doubts and create difficulties in making proof of the amount for which defendants should be held accountable. It also appears that defendants made use of considerable timber which had been rejected by the inspector. Plaintiff claimed that there was delivered of his timber at St. Ignace for defendants, 25,394 feet, and that the whole amount, less 2889 feet, was used or made away with by them. In making out his case he was allowed, against the objection of defendants, to testify that he put the quantity of timber first mentioned on the cars to be sent forward to St. Ignace. This, it is very truly said, did not show that the defendants received all that was thus put upon the cars; but it might be a necessary step in making such showing. The difficulty in getting at the exact facts on this branch of the case was chargeable, in part at least, to the loose manner in which the business was done; and for this the defendants and their agents were largely chargeable. The plaintiff was not to be shut off by this difficulty from showing how much of his timber the defendants had received, and he must get at the facts as best he could under the circumstances. If he failed to trace the timber from the woods to defendants, it

is to be supposed the defendants would be able to point out the failure to the jury; but they were not entitled to shut out an item of evidence, which might be an important part of a complete showing, because of its incompleteness or futility by itself.

The judge in submitting the case to the jury instructed them that defendants should be charged for the timber which passed inspection, at the contract price, and for all other timber which they took and used, at its market value. This instruction was correct. If defendants appropriated any of plaintiff's property otherwise than according to the terms of the contract, their liability must be determined irrespective of the contract. The charge of the judge seems to have been in all respects fair, and though a large number of exceptions were taken, we do not discover any plain error, or anything further in the case which calls for discussion.

The judgment will be affirmed.

The other Justices concurred.