JAMES P. BURROUGHS v. PHILIP PLOOF.

*Bills and notes—Good-faith holder—Consideration—Antecedent debt.*

To render the holder of a promissory note received, as claimed, in payment of an antecedent debt, a holder for value, it must appear that the debt was extinguished by the transfer of the note, and this is a question for the jury, whose province it is to draw all inferences from facts proved.

Error to Lapeer. (Newton, J.) Argued January 24, 1889. Decided February 1, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Kohler & Bentley* (*W. W. Stickney,* of counsel), for appellant.

*Geer & Williams,* for plaintiff.

CHAMPLIN, J. This action is brought upon a promissory note. The defense was that the note was a part of a contract entered into with the Ohio & Great Western Seed Company of Napoleon, Ohio; that the note was without consideration, and was void, as against pub-

lic policy; and that plaintiff purchased with notice of such facts.

The note was dated at Lapeer, Mich., December 10, 1886, due on or before one year from date, and was payable to C. H. Williams or bearer, and was for $150, with use at 7 per cent. Embodied in the note, above the signature, is the following certificate:

"For the purpose of obtaining this credit, I hereby certify that I am legally responsible for the above amount."

Upon the trial the defendant showed that the note was obtained from him by Williams and one Elmer Smith upon a pretended sale of 20 bushels of Red Lyon wheat. It was a fraudulent scheme of the same character as that referred to in *Davis v. Seeley*, 71 Mich. 209 (38 N. W. Rep. 901). As against the payee, he showed a good defense, both on the ground of fraud and want of consideration. This threw the burden of proof upon the plaintiff to show that he was a *bona fide* holder for value. The note was bought by him, as he testified, on June 23, 1887. The first that was heard from the note after it was given appears from the testimony of a Mr. Snyder, who was a cousin of Smith. He received it in a letter, with instructions to trade it off. He placed it in the hands of one Wilcox, with like instructions, and he gave it to one McDermott, a horse-trader, to trade off, and agreed to pay McDermott $10 for doing so. McDermott had traded a horse to one Burroughs, the father of the plaintiff, who was desirous of trading the animal off again, and he agreed to give McDermott $10 to trade the horse off. McDermott gave him the note for the horse and $10, and plaintiff claims that he took the note from his father in payment of a precedent debt the same evening. He also on the same day wrote to defendant the following letter:

"FLINT, MICH., June 23, 1887.
"MR. PHILIP PLOOF,
              "Lapeer, Mich.
"*Dear Sir:* I have this day sold a horse to James
McDermott, and taken as pay a note given by you under
date Dec. 10, 1886, to C. H. Williams, of $150.00.   Will
you advise me if this is all right.   After taking the note,
the thought of Bohemian oats and other matters leads
me to make this inquiry.   Resp. yours,
                              "J. P. BURROUGHS."

Plaintiff claims that the consideration which he paid
for the note in suit was a precedent debt, which his
father owed him for a horse which he had sold to his
father.   He testified that he had no conversation with
his father respecting any infirmity in the note.   His
father told him it was good, and he took it.   He does
not testify that the debt which his father owed him was
then and there discharged, or that he received it in full
payment of an antecedent debt, and discharged the
demand.   If there was no agreement that it was taken
in extinguishment of the indebtedness, so that in fact
the debt is not legally discharged, he has parted with
nothing, and is not a holder for value.

There was testimony in the case from which it might
be inferred that the indebtedness from the father to the
son was extinguished, but all inferences from facts
proved must be drawn by a jury, and the case should
have been submitted to them under proper instructions
upon the question whether the plaintiff had established
the fact to their satisfaction that he was a *bona fide*
holder of the note for value.   Instead of this, the court
took the facts from the jury, and directed a verdict for
the plaintiff, saying that there was no evidence that the
son, the plaintiff in this suit, had any knowledge of the
consideration for which the note was given, and, assum-
ing that plaintiff gave value for the note, directed a ver-

dict for plaintiff. The peculiar certificate upon the note before referred to, and the circumstances under which it came to plaintiff's hands, were sufficient to put the plaintiff upon inquiry as soon as he received the note, and the case should have gone to the jury for them to determine his position in relation to the note. If they should find that he occupied the position of a *bona fide* holder for value, he should recover ; otherwise not.

The judgment must be reversed, and a new trial granted.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.