## HODGKINS *v.* MEAD.

*(City Court of Brooklyn, General Term.* February 24, 1890.)

1. FACTORS AND BROKERS—COMMISSIONS OF REAL-ESTATE AGENT.
    A broker employed to sell real estate for compensation earns his commission by procuring an executory contract to buy, making the purchasers liable in case of failure to perform their part of the contract, unless there is an agreement that the commission shall not be earned until the contract of sale is fully performed.

2. SAME—EVIDENCE OF AUTHORITY.
    The conversation between the broker and the agent of his principal is competent evidence, in an action to recover the commissions, to show the nature and extent of the employment.

Appeal from trial term.

An action by Frank B. Hodgkins against Sarah F. Mead, to recover commissions for the sale of defendant's real estate. There was a verdict for plaintiff. From the judgment thereon defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Sewall Sergeant,* for appellant. *Henri Pressprich,* for respondent.

VAN WYCK, J. The largest part of appellant's argument was devoted to the contention that the verdict was against the weight of evidence. This is disposed of by the mere suggestion that the appeal-book contains no order refusing to set the verdict aside on that ground, and no notice of appeal from any such order; but, assuming that question to be before us regularly, the testimony satisfies us that the verdict should not be disturbed on that ground. The motion for nonsuit was properly denied. The plaintiff was employed to secure a purchaser for defendant's premises. He procured Kennerly and Young; for the deed, mortgages, bonds, agreement of February 25, 1888, and the alleged escrow contract dated February 25, 1888, clearly and fully established an executory contract between the parties for the sale of the lots for $80,000, to be secured by mortgage thereon, and with a building loan of $22,-000 on mortgage thereon, title to pass 10 days after the purchasers shall have dil-

igently prosecuted the work on the houses, and not later than March 28, 1888, —purchasers to be liable for damages in case of their failure to perform the contract on their part. Such executory contract of sale between the parties entitled the broker to his commission, (*Barnard* v. *Monnot,* \*42 N. Y. 203; *Bach* v. *Emerich,* 35 N. Y. Super. Ct. 548,) unless there was an agreement between the parties that the plaintiff broker should not be entitled to his commission till the executory contract of sale was fully performed. Whether there was any such agreement was submitted to the jury on conflicting evidence, and decided in favor of plaintiff. The conversation between the plaintiff and defendant's agent was properly admitted to show the character, nature, and extent of the employment. The only other point raised by appellant relates to the correction of the verdict by the trial court. This has been upheld by the court of appeals. For the foregoing reasons the judgment must be affirmed, with costs.