## MALCOLM McDONALD v. CHARLES L. ORTMAN.

*Question for jury—Commissions on sale of real estate.*

1. Where plaintiff's testimony makes a *prima facie* case, and is contradicted in material parts by that of the defendant, the case should be submitted to the jury.

2. Testimony tending to show that the plaintiff made a special agreement with the defendant that he should be paid a commission of two and one-half per cent. on whatever price certain real estate was sold for, if he was instrumental in bringing about the sale, and that he was instrumental in bringing about a sale for $45,000, and also what his services were worth in estimating the pine upon the land preparatory to a sale thereof, and that the defendant requested him to proceed and find a purchaser from time to time, which he did, if uncontradicted, entitles the plaintiff to recover.

Error to Wayne. (Hosmer, J.) Argued October 28, 1891. Decided December 21, 1891.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*DeForest Paine,* for defendant.

CHAMPLIN, C. J. The plaintiff brought this suit to recover commissions which he claims are owing to him by defendant for his efforts in selling certain pine lands belonging to defendant. The declaration also contains the common counts in *assumpsit*.

Upon the trial he gave testimony tending to show that he made a special agreement with the defendant that he should be paid $2\frac{1}{2}$ per cent. commission on whatever price the land was sold for, if he was instrumental in bringing about the sale. He also introduced testimony tending to show that he was instrumental in bringing about a sale for $45,000. He also showed what his services were worth in estimating the pine upon the land preparatory to a sale thereof, and he introduced testimony tending to show that the defendant requested him to proceed and find a purchaser from time to time, which he did. There is no doubt that, if there had been no testimony introduced on the part of the defendant, plaintiff would have been entitled to recover.

The defendant and the purchaser testified on behalf of defendant directly contrary to plaintiff's testimony in material parts, whereupon the court directed a verdict for the defendant.

In this we think the court erred. The plaintiff had made at least a *prima facie* case, and, although the testimony of the defendant tended to contradict it, the case was one that should have been submitted to the jury.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.