## DAMAS DES JARDINS AND EARNEST DES JARDINS v. THE THUNDER BAY RIVER BOOM COMPANY.

*Trespass—Title of plaintiff—Land contract—Deed—Description—Directing verdict.*

1. The vendee in a land contract, which does not in terms give him a right to the possession of the land, cannot, before he has become entitled to a conveyance by a full performance of the contract on his part, maintain an action for injuries to the freehold; citing *Moyer v. Scott*, 30 Mich. 345; *Anderson v. Boom Co.*, 57 Id. 216.

2. Where, in a suit against a booming company for the flowage of plaintiff's lands, there is some testimony tending to show that the injuries complained of were caused by a freshet, rather than by the act of the defendant in letting off the water from its dam, a request that a verdict be directed in favor of the plaintiff is properly refused.

3. Deeds to a booming company which describe certain lands traversed by a river with sufficient certainty, but limit the

grantee's rights to rights of boomage along the river, and to the rights and privileges in the waters of the river belonging to the lands, are sufficiently certain as to description to permit them to be received in evidence in behalf of the defendant in a suit to recover for injuries sustained by the alleged unlawful flooding of said lands.

Error to Alpena.    (Kelley, J.)    Argued February 9, 1893. Decided March 10, 1893.

Case.    Plaintiffs bring error.    Affirmed.    The facts are stated in the opinion.

*J. D. Turnbull,* for appellants, contended:

1. Plaintiffs had the right to recover for the destruction of the soil; citing *Witheral v. Booming Co.,* 68 Mich. 49; *Miller v. Wellman,* 75 Id. 353; *McFeters v. Pierson,* 15 Colo. 201; *Mc-Narra v. Railway Co.,* 41 Wis. 69; *Field v. Log Driving Co.,* 67 Id. 569.

2. The admitted fact that the defendant floods the stream by artificial means makes it liable, and it is only a question of damages; citing *Middleton v. Booming Co.,* 27 Mich. 533; *Booming Co. v. Jarvis,* 30 Id. 308; *Booming Co. v. Speechly,* 31 Id. 336; *Stone v. Lumber Co.,* 59 Id. 24; *Bauman v. Boom Co.,* 66 Id. 548; *Koopman v. Blodgett,* 70 Id. 611.

*Frank Emerick,* for defendant.

LONG, J.    On the trial of this cause the jury found in favor of the defendant.

It appears that the plaintiffs, in April, 1889, purchased upon contract 87 acres of land, now situate in the city of Alpena.    The land is somewhat over half a mile in length north and south and 80 rods wide, the south end being bounded by the Thunder Bay river.    The river at a point near the east boundary formerly made a short *detour* to the north into the land, and then returned to a point only a few rods from where it had departed from its course, thus forming an ox-bow, including about 7 acres of land, and its neck being only about 150 feet wide.    Many years ago the water cut a channel across the neck of the ox-bow, through

which the entire current of the river now runs, leaving dead water in the old channel.

The defendant is a corporation organized under the laws of this State as a rafting, running, and booming company. Its operations extend over some miles of this river, and consist in running all logs delivered to it down the river to various saw-mills. It maintains a dam for flooding purposes, about six miles up the river from plaintiffs' land. It is used by the defendant when the water gets low in the river for the purpose of floating logs off the rapids in the river, which commence two or three miles above the plaintiffs' land, and extend up to the dam. The water is raised by means of gates in the dam, and is ponded when the river gets low in the summer, to raise the water on the rapids to float the logs off.

The plaintiffs' claim is that during the spring and summer of 1889 the defendant, by means of this dam and its gates and appliances, accumulated and ponded the water of the river, and then let it off in floods, thus raising the water in front of their lands, and causing injury to their grass and pasture lands, hay crop, and potatoes, destroying their bridge and roadway, and washing away a quantity of their land.

The court directed the jury on the trial, substantially, that if the defendant company so raised the water in the river as to cause it to overflow and destroy the plaintiffs' crops growing upon their premises, the plaintiffs would be entitled to recover for such injury whatever damages the jury might find they had sustained.

It is contended by plaintiffs' counsel that the court was in error—

1. In refusing to permit plaintiffs to recover for the value of the land destroyed.

2. In refusing plaintiffs' request to charge the jury that under the evidence the plaintiffs were entitled to recover.

3. In permitting defendant to introduce in evidence certain deeds.

1. On the trial, plaintiffs attempted to prove the value of the land washed away and destroyed, but the court ruled that, inasmuch as the plaintiffs held the land only under their land contract, they were not the owners of the freehold, and could not recover the value of the land. It appeared that on April 29, 1889, John S. Minor was the owner of the land in controversy. On that day he executed a contract to the plaintiffs for the sale of the land for the sum of $2,000. The plaintiffs went into possession under the contract, and before the time of the injury had paid $250 of the purchase money. At the time of the bringing of the suit they had paid only $500, and at the time of the trial they still owed $750 on the land. The contract is set out in the record, and does not in express terms give the plaintiffs any possessory interest in the lands, although impliedly it does give the vendees the right of entry to make improvements pending the performance of the contract, and provides for a forfeiture of the contract in the event of failure to perform on their part. It is settled in this State that the purchaser of land under a contract which does not in terms give the vendee possessory rights cannot, before he has fulfilled all the conditions of his contract, and become absolutely entitled to a conveyance, maintain an action for injuries to the freehold, but such right of action belongs to the legal owner of the land. *Moyer v. Scott*, 30 Mich. 345. The court was not in error, therefore, in excluding this evidence. Destruction of the freehold, as by the washing away of land, is an injury for which no one but the owner of the inheritance can recover. *Anderson v. Boom Co.*, 57 Mich. 216.

2. The request to direct the verdict in favor of the plaintiffs was properly refused, as there was some testimony tending to show that whatever injuries occurred to plaint-

iffs' crops were caused by the freshet, rather than by the act of the defendant company in letting off the water from its dam.

3. Certain deeds were offered in evidence by the defendant, conveying boomage rights and privileges on either side of the dead water around the ox-bow on plaintiffs' lands. These deeds were made by John S. Minor, before the contract was made by him to the plaintiffs, to Spratt & Maltz, and by them to the Minor Lumber Company. The contract to the plaintiffs expressly reserves all the rights and privileges conveyed by those deeds. The objection to the deeds was that they were insufficient in describing the property as boomage rights, instead of describing the particular piece of land conveyed. The deeds described the land to be conveyed with sufficient certainty, but limited the grantees' rights to boomage along the river, and the rights and privileges in the waters of the river belonging to the lands described. We think there was sufficient certainty in the description of the deeds to permit them to be received in evidence for the purpose for which they were offered on the trial.

Certain other questions were discussed orally, which we do not deem it important to notice, as it appears that all the questions of fact in controversy on the trial were fully and fairly submitted to the jury.

We find no error in the record.

The judgment must be affirmed, with costs.

The other Justices concurred.