MALCOLM MCDONALD v. CHARLES L. ORTMAN.

[See 88 Mich. 645.]

*Real-estate brokers—Commission—Contract—Evidence.*

Where a land broker seeks to recover, upon an express contract, a certain commission agreed to be paid for finding a purchaser, evidence of the expenses he incurred, the efforts he made, and the negotiations he had with others than the purchaser of the land, whom he claims to have secured, is inadmissible.

Error to Wayne. (Hosmer, J.) Argued October 11, 1893. Decided December 4, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*DeForest Paine,* for appellant.

*James H. Pound,* for plaintiff.

GRANT, J. The judgment in this case must be reversed, for the admission of incompetent and immaterial evidence.

1. Plaintiff was a land broker, whose principal business was the sale and purchase of land for others upon commission. The declaration contains a special count setting forth an express contract for the sale of certain of defendant's lands for the sum of $50,000, and that defendant promised that in case plaintiff should sell said lands, or be instrumental in procuring a purchaser therefor if the lands should be sold, the defendant would pay the plaintiff a commission on such sale of 5 per cent.; that the sale was made; that he was instrumental in procuring it, and that by reason thereof the amount of the commission is due. The plaintiff, on demand, furnished an omnibus bill of par-

ticulars, claiming $21,000.    The items of this bill are as follows:

For commissions on sale of lands referred to in special
    count_____$4,000
Moneys paid out for defendant at his request_____ 4,000
Work and labor performed_____ 4,000
Moneys paid out and time expended and labor spent
    in the sale of the lands_____ 5,000
Time employed in estimating quantity of timber on
    said land, and furnishing estimate thereof_____ 4,000

Plaintiff testified to an express contract for a commission of 2½ per cent., and that the contract was so modified as to give him a commission on whatever amount should be realized upon the sale; that he procured a purchaser by the name of Gates, to whom defendant afterwards sold the land without his knowledge. No other contract was testified to by him. The court instructed the jury that he could recover only upon proof of this express contract, and upon proof that he was the procuring cause of the sale.

Plaintiff was allowed, under objection and exception, to testify how much he had paid in procuring estimates, in examining the timber, in railroad fares, and the value of his services. In reply to a question by his counsel, what, in his opinion, a reasonable price would be for the labor performed, he replied:

"I actually paid out $500 to $600,—that is, my labor and time lost and traveling expenses; but it was worth 2½ per cent. It is worth 5 per cent., but I agreed to do it for 2½ per cent. That is all I ask."

Upon the production of the second witness upon the part of the plaintiff, in reply to an inquiry by the court defendant's counsel said: "I claim that he [plaintiff] is entitled to 2½ per cent. on the purchase price of these lands, or nothing."

Plaintiff did not sue for a breach of the contract, but for its fulfillment. Under the common counts he could,

therefore, recover the amount of the contract if it was performed. There was no room for a recovery upon the quantum meruit.

"The authorities which allow suit under the common counts for what is due on a contract performed on the plaintiff's part confine the recovery to money due. It does not reach to anything else." *Pierson v. Spaulding,* 61 Mich. 94.

"A motion to require plaintiff to elect between common and special counts in his declaration ought to be granted where the grounds for recovery thereunder may be inconsistent with each other; or else the trial judge should restrict recovery under the special counts to items which fall within the precise terms of the agreement on which the count is based." *McLennan v. McDermid,* 50 Mich. 379.

"The presumption of an implied *assumpsit* may be repelled by evidence of a special agreement." *Peters v. Gallagher,* 37 Mich. 407.

"In a suit for a fixed salary, evidence of the reasonable value of the services is inadmissible." *Marsh v. Tunis Estate,* 39 Mich. 100.

Where one seeks to recover the contract' price under a special contract, evidence of the cost or value of the work is inadmissible. *Campau v. Moran,* 31 Mich. 280.

Under these decisions, all evidence of what plaintiff had expended, the efforts he had made, and all negotiations with all other parties, except Mr. Gates, was incompetent. It was not contemplated that defendant should pay any such expenses. It was wholly immaterial whether plaintiff effectuated the sale at a cost to himself of $1 or $1,000, or at the expenditure of one day or one year's time. He agreed to furnish a purchaser, and the sole question in the case was whether the plaintiff furnished such purchaser.

2. For the same reason, all evidence of prior transactions between the parties, and all correspondence relating to other deals, was incompetent.

3. The plaintiff was erroneously permitted to testify to a conversation with Mr. Gates, after the sale was made,

especially that part of the conversation in which he said, "I told Mr. Gates that it was a made-up plan to beat me out of my commissions between him and Mr. Ortman."

The other questions in the case are concluded by the former decision in 88 Mich. 645. We find no other errors.

Judgment reversed, and new trial ordered.

The other Justices concurred.