MARX v. OTTO.

BROKER'S COMMISSIONS—WHEN PAYABLE—QUESTION FOR JURY.
Evidence that the defendant in an action to recover commissions for the sale of land told plaintiff that all he got over $5,000 should be his, and that nothing was said as to his being required to wait in case of a sale on credit, and that a sale was made for $5,600, of which $1,000 was paid in cash and a mortgage given for the balance, the terms being arranged by the defendant,— requires the submission to the jury of the question whether or not plaintiff was required to wait until payment of the mortgage before receiving his commissions.

Error to Wayne; Hosmer, J.   Submitted June 9, 1898. Decided July 12, 1898.

*Assumpsit* by William Marx against Nicholas Otto for commissions on a sale of real estate.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Reversed.

*Henry N. Brevoort*, for appellant.

*George W. Coomer* and *W. F. Atkinson*, for appellee.

MONTGOMERY, J.   Plaintiff sued defendant on a contract for commissions on a sale of real estate.   Defendant offered, by way of set-off, a promissory note of $200, given for money borrowed.   The circuit judge directed a verdict for the defendant for the amount of the note and interest, holding that plaintiff's proofs did not make out a case entitling him to recover on the claim asserted.   This ruling was challenged.

The plaintiff testified that the defendant was the owner of a piece of real estate for which he asked $5,000, and further testified as follows:

"I said, 'How is it, Mr. Otto, if I get over $5,000?'

He said, 'All you get over it is yours;' he was satisfied with $5,000. There was nothing said between me and Mr. Otto that I was to wait in case he sold on credit."

He further testified that he was to have 2 per cent. of the first $5,000.

The testimony further disclosed that, after this arrangement as to terms, the plaintiff interested one Welch in the property, and asked him $5,600 for it; that Welch inquired as to terms of payment, and plaintiff thereupon sent for defendant, who arranged with the purchaser the terms of payment, which were $1,000 in cash and a mortgage back on the property of $4,600. The question is whether, under this testimony, it can be said, as a matter of law, that this contract entitled the plaintiff to an interest in the mortgage, and did not entitle him to demand his pay in cash. The circuit judge was of the opinion that the plaintiff was entitled to receive the excess over $5,000 only when the defendant had realized $5,000 in cash. Plaintiff testified that defendant himself arranged the terms, and that there was no agreement to defer his claim until the maturity of the mortgage; and while we do not intimate that there are not circumstances from which the jury might be justified in inferring that, as the transaction was closed up, defendant understood that plaintiff was to await the collection of the mortgage before exacting his $600, we are not prepared, on the other hand, to hold that this appeared so conclusively as to make it a question for the court. The case should have gone to the jury.

Judgment reversed, and a new trial ordered.

The other Justices concurred.