FIRST NATIONAL BANK OF DETROIT *v.* BOWEN.

ACTION ON NOTE—EXECUTION—EVIDENCE—QUESTION FOR JURY.
In an action on a note, defendant testified that the only note signed by him was sent to him in a letter, and was dated April 2d, payable in three months. His testimony was corroborated by the letter, and by the testimony of his wife. Plaintiff, a purchaser for value before maturity of the note in suit, which was dated June 29th, payable four months after date, presented proof that the signature to such note was defendant's, and that there were no erasures thereon. Defendant, without specifically denying the signature, claimed that the note, if given by him, had been changed since its execution. *Held*, that the court properly left the issues to the jury, refusing to direct a verdict for plaintiff. LONG and GRANT, JJ., dissenting.

Error to Cheboygan; Shepherd, J. Submitted June 18, 1900. Decided December 4, 1900.

*Assumpsit* by the First National Bank of Detroit against David Bowen on a promissory note. From a judgment for defendant, plaintiff brings error. Affirmed.

*Frost & Sprague*, for appellant.

*H. W. Harpster*, for appellee.

LONG, J. (*dissenting*). This suit was brought on a promissory note of $500, dated June 29, 1895, due in four months, payable to C. E. Kelsey, and purporting to be signed by the defendant, David Bowen. The defendant pleaded the general issue, and attached thereto an affidavit denying the execution of the note. On the trial he did not in terms deny his signature to the note, but claimed that a $500 note was given by him dated about April 1st, and that he signed it as accommodation maker for Mr. Kelsey. He testified that, if it was the same note as the

one in suit, the date had been changed. The court below left that question to the determination of the jury, who returned a verdict in favor of the defendant.

In this the court was in error. The testimony showed that the plaintiff bank purchased the note in suit before due from Mr. Kelsey in the usual course of business; that the note at that time was all filled out, and there were no erasures in it; that it still owned the note, and that it had not been paid. It proved by two witnesses that the signature was the signature of the defendant. The defendant testified that it looked like his signature, but that the note he signed was dated April 1st or 2d. He also stated that he did not know whether it was dated in ink or lead pencil. The plaintiff asked the court to direct a verdict in its favor, which request was refused. The request should have been given. Defendant's testimony utterly failed to establish the fact of any alteration in the note since its execution. There was no proof that it had been altered in any respect. It was a complete instrument, and where filled in it was in the same handwriting, and the only discrepancy between it and the one the defendant acknowledged signing was the date. If the note he signed was not dated, he was negligent in signing it in that condition, and he could not defend against it in the hands of an innocent holder on the ground that some one else put in the wrong date.

The judgment should be reversed, and a new trial granted.

GRANT, J., concurred with LONG, J.

MOORE, J. I cannot agree with the conclusion reached by Mr. Justice LONG. The note sued upon is dated June 29, 1895. It is for $500, payable to C. E. Kelsey or order, payable four months after date. Attached to the plea of the general issue is an affidavit denying the execution of the note. Mr. Bowen testified that the only note for $500 he signed for Mr. Kelsey was one sent to him in a letter from Detroit, by Mr. Kelsey, dated March 23, 1895, which

note was 'dated April 2d, payable in three months. His testimony is corroborated by the letter of Mr. Kelsey and by the testimony of Mrs. Bowen. It is evident that, if the note Mr. Bowen signed was dated April 2d, it was not the note in controversy, unless it has been changed in a material part. I think this raised a question of fact for the jury. *Burroughs* v. *Ploof*, 73 Mich. 607 (41 N. W. 704); *Parrish* v. *Bradley*, 73 Mich. 610 (41 N. W. 818); *Aldine Press* v. *Estes*, 75 Mich. 100 (42 N. W. 677); *Stevens* v. *Pendleton*, 85 Mich. 137 (48 N. W. 478); *Hagan* v. *Railroad Co.*, 86 Mich. 615 (49 N. W. 509); *McDonald* v. *Ortman*, 88 Mich. 645 (50 N. W. 644); *Des Jardins* v. *Boom Co.*, 95 Mich. 140 (54 N. W. 718); and the many cases cited in 3 Jac. & C. Dig. p. 638.

Judgment is affirmed.

Montgomery, C. J., and Hooker, J., concurred with Moore, J.