## HUBBARD *v.* LEITER.

1. BROKERS—CONTRACTS—MUTUALITY—EXECUTION.

A written contract authorizing a broker to sell real estate, and providing for a commission in case he finds a buyer, is not, after sale, void for want of mutuality, since, by performance on the broker's part, it becomes executed, and he is entitled to his commission.

2. SAME—SALE BY OWNER—COMMISSIONS.

An owner of real estate cannot avoid liability for the commission to a broker provided by a contract authorizing the broker to sell the property, by himself making the sale to a customer introduced by the broker on practically the same terms as originally proposed.

Error to Berrien; Coolidge, J. Submitted June 7, 1906. (Docket No. 43.) Decided July 23, 1906.

Assumpsit by M. C. Hubbard, M. J. Merwin, and C. K. Farmer, copartners as Hubbard, Merwin & Farmer,

against Edward T. Leiter for commissions on the sale of real estate. There was judgment for plaintiffs, and defendant brings error. Affirmed.

Defendant, a dealer in real estate, listed his farm of 48 acres with the plaintiffs, real estate brokers, for sale under the following written agreement:

"I desire you to sell for me the property described above at the price, terms, and kind of payment named, or at less price or easier terms I may hereafter approve, and if you sell or trade same, or refer a customer to whom I sell, or if attention is called to said property through your influence in any way directly or indirectly, resulting in any sale or exchange, I promise to pay you a commission of $2\frac{1}{2}$ per cent. in trade, 5 per cent. cash sale.

"If, for any reason, said property is withdrawn from the market, I promise to notify you immediately.

"Dated Oct. 7, 1904.
                                   "E. T. LEITER,
    "Address, R. F. D. No. 1, Berrien Center, Mich."

Both parties resided in Benton Harbor. Acting upon the authority so conferred plaintiffs entered into negotiations with one Anderson, took him in company with defendant to defendant's farm, and also took defendant to see the property which Anderson proposed to exchange. Defendant was satisfied with the price of the Anderson property. Anderson was not then satisfied with the price defendant asked, or with the condition of the buildings, claiming they were not in good repair. The deal was not then consummated. Plaintiffs had several talks with Anderson subsequently, and also with Leiter about the sale. Defendant made some repairs upon his buildings, and then sold the property to Anderson upon the same terms as were first mentioned between them. This suit was brought in justice's court to recover the commission of $2\frac{1}{2}$ per cent. provided for in the contract. The defendant insisted that plaintiffs did not procure a purchaser, and were not the procuring cause of the sale, but that the sale was made either through another broker

named Harner, or by defendant's exertions. Verdict and judgment were rendered for the plaintiffs.

*John J. Sterling*, for appellant.

*Cady & Andrews*, for appellees.

GRANT, J. (*after stating the facts*). Counsel for the defendant insists that the contract is void for want of mutuality. There is no force in this contention. Defendant gave authority to plaintiffs to find a customer for his land, and agreed to pay a commission if they found one to whom he should sell. If he found such a purchaser and defendant sold to him, the contract became executed (*McDonald* v. *Ortman*, 88 Mich. 645, 98 Mich. 40), and plaintiffs became entitled to their commission. The court expressly instructed the jury that if Mr. Harner was the procuring cause of the sale, the plaintiffs could not recover. It was also contended on behalf of defendant that negotiations with Anderson had been abandoned by the plaintiffs. The court instructed the jury that if this were so the plaintiffs could not recover. Under the instruction the jury found that there was no abandonment, and that the plaintiffs procured a purchaser to whom the defendant made a sale.

Defendant requested the court to instruct the jury that if the defendant himself was the procuring cause of the sale of his land to Anderson, then plaintiffs could not recover. The reply to this is that there was no testimony on which to base such an instruction. Defendant could not avoid his liability by himself making a sale to Anderson on substantially the same terms as were originally proposed.

We find no error upon the record, and the judgment is affirmed.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred.