## HOOPENGARNER *v.* STIPE.

1. BROKERS — CONTRACTS — EVIDENCE OF OTHER TRANSACTIONS — EXPRESS CONTRACT.

Evidence of a contract between brokers and a real estate owner prior in date to the one sued upon, at a different rate of commission and a different price, evidence as to price at which the owner had listed his property with another, and evidence as to prices asked at other times by him was inadmissible to sustain the brokers' claim of an express contract for all above a given price as their commission.

2. SAME—ELECTION OF COUNTS—ADMISSIONS.

Defendant's motion to compel plaintiffs to elect whether they would recover on the special contract set up in their declaration, or on the common counts, was properly denied where counsel for defendants conceded in open court that they were entitled to recover either the sum claimed upon the express agreement or $200, and the court submitted the case to the jury accordingly.

3. SAME—APPEAL AND ERROR.

The certificate of a trial judge as to what occurred in open court is treated as conclusive in appellate proceedings.

4. SAME.

The verdict being for the full amount claimed, $1,400, the court did not commit prejudicial error in charging that if the jury found the defendant made an express or implied contract with plaintiffs to sell the land, for a reasonable commission, their verdict should be for $200.

Error to Washtenaw; Kinne, J. Submitted November 23, 1911. (Docket No. 86.) Decided March 29, 1912.

Assumpsit by Samuel E. Hoopengarner and others against William E. Stipe for commissions for selling certain real property. Judgment for plaintiffs. Defendant brings error. Reversed.

*A. J. Waters* (*John P. Kirk*, of counsel), for appellant.

*M. J. Cavanaugh* and *George J. Burke*, for appellees.

McALVAY, J.   Plaintiffs sued defendant in assumpsit to recover a commission of $1,400, claimed to be due them on a special contract for services rendered in making a sale of defendant's farm, and declared specially upon such contract, adding the common counts.   A bill of particulars accompanied the declaration, claiming $1,400 for services in selling defendant's farm in accordance with the terms of the arrangement set forth in the special count.

Defendant pleaded the general issue, and gave notice under it that he never entered into such a contract, and also a want of consideration for such contract.   This contract is claimed by the plaintiffs to have been entered into on the farm of the defendant on the day they brought the customer who later, on the same day, made the purchase. Their claim is that they walked with defendant apart from the others, and he agreed that if they made a sale he would pay them for such services all of the sale price over $70 per acre.   The amount claimed is exactly the excess over $70 per acre for which the farm sold.

Defendant admits that plaintiffs, on the morning of the sale, while crossing a field on his farm, talked with him about pay for their services.   He denies that he agreed to pay them all over $70 per acre.   His testimony is:

"*A.* Mr. Hoopengarner asked me, pinched me on the arm, and said, 'What are you willing to give us for commission on this farm?' I said: 'Mr. Ziegler asked me $100 over the telephone this morning; I would be willing to give you $100 apiece; that would be $200.' He said, 'I can take my man over to Mr. Reynolds' farm and get $1,000.' I said, 'Take your man over there,' and I walked away."

The issue in the case was tried before the court with a jury, and resulted in a verdict for plaintiffs for the full amount claimed, upon which a judgment was entered.

Defendant seeks a reversal of this judgment by this court, and has assigned numerous errors. One group of errors assigned relates to the admission and rejection of testimony.

Plaintiffs, throughout the entire case, relied upon the special contract, claimed to have been made with defendant. The court permitted witnesses, over objection of defendant, to testify as to a former agreement with one or both plaintiffs, in March of the same year, at another price, and to listing the land at a certain price with another party, and as to prices at which defendant had held his farm. It will not be necessary to quote this testimony. It is urged by appellant that such testimony was not material to the issue, and had no tendency to prove or disprove the contract sued on. It appears that testimony of this character was first introduced in the case upon the examination in chief of one of the plaintiffs, without objection. Objection was later made to such testimony, and exception taken as the questions were asked each witness, and the objections overruled, and the whole matter was covered by a request, on the part of the defendant, to the court to charge that all testimony, not bearing upon the express contract relied upon, should be disregarded. This request was refused and an exception taken. This testimony did not tend to impeach defendant, and was not admissible to show what were the terms of this special contract upon which plaintiffs relied. It was highly prejudicial to defendant. The court was in error in refusing to give the request.

Error is assigned upon the refusal of the court to require plaintiffs to elect upon which count of the declaration they would ask a recovery. The bill of exceptions contains an admission and concession by counsel for defendant which justified the court in denying the motion. The certificate of a trial judge as to all matters certified has always been considered as conclusive by this court. The following from the bill of exceptions is the admission and concession of counsel for defendant.

" *The Court:* Mr. Waters, counsel for defendant, when he opened his case to the jury, definitely stated that he admitted that the defendant owed the plaintiffs $200, but he insisted that the $200 could not be collected in this suit on account of the pleading. During the course of the trial, Mr. Waters says that, although it was against his judgment, yet he would yield to the superior knowledge of his associate counsel, Mr. Kirk, and that he would admit that, for the purposes of this trial, the defendant is liable for either $200 or $1,400, and the case is submitted to the jury upon this theory. I certify that I submitted said case to the jury upon this theory by agreement of counsel for the parties in open court. The reporter omitted to take this, and Mr. Waters now objects to inserting it in the record. Defendant protests."

Errors are assigned upon two paragraphs of the charge, as follows

" But he (defendant) admits that he is liable to the plaintiffs for a reasonable commission for making such sale, and he concedes that a verdict may be entered in this case for the plaintiffs, in the sum of $200 for the services which the plaintiffs rendered in the making of this sale."

And also:

" On the other hand, if from the evidence you find that there was no special contract between the parties, but that there was merely an agreement, express or implied, that the defendant should or would pay a reasonable commission for the making of the sale of said farm, then your verdict should be $200."

The statements relative to the matter of reasonable commission were not contained in the concession and admission; but, taking these paragraphs as a whole, we do not think that they were misleading or amounted to prejudicial error. No other errors assigned require discussion.

For the error pointed out, the judgment is reversed, and a new trial granted.

STEERE, BROOKE, BLAIR, and OSTRANDER, JJ., concurred.