## WILLIAMS v. OTTO.

EVIDENCE—BROKERS' COMMISSIONS—SALE OF REAL ESTATE.

Testimony tending to show that defendant had listed his farm at $4,500 at a time prior to placing the property in plaintiff's hands for sale, was erroneously received in contradiction of defendant's claim that he only agreed to pay a stated commission per acre, plaintiff claiming that he was to receive all the purchase price above $4,500; it was also improper to admit testimony to prove that the value of the property did not exceed $3,500.

Error to Eaton; Smith, J. Submitted June 16, 1914. (Docket No. 77.) Decided July 24, 1914.

Assumpsit by Albert L. Williams against William B. Otto for broker's commissions. Judgment for plaintiff. Defendant brings error. Reversed.

*Elmer N. Peters,* for appellant.

*Frank A. Dean* and *Claude J. Marshall,* for appellee.

McALVAY, C. J. Plaintiff sued in assumpsit, and, by his bill of particulars, disclosed that his claim consisted of an alleged balance of $2,000 due him as commission upon the sale of defendant's 240-acre farm. Under the plea of the general issue, defendant gave notice that he would show in defense that he had paid to plaintiff for his services the sum of $1,050; that sum being the amount due plaintiff under the terms of the contract. It was the claim of the plaintiff that defendant agreed to pay him as his commission all over $4,500 received upon the sale of the farm, while defendant claimed that he agreed to pay plaintiff the sum of $5 per acre for so much of the

181 Mich.—42.

land as plaintiff should sell at a price satisfactory to defendant. The land (240 acres) was actually sold at a price of $7,350 under an arrangement between plaintiff, defendant, and the purchaser that the purchaser should pay $35 per acre for 210 acres and the balance, 30 acres, should be thrown in. Defendant thereupon paid to plaintiff the sum of $1,050, being $5 per acre on 210 acres. The parties to the suit alone knew what the true contract was, and each gave his version of it. For the purpose of corroborating plaintiff's version and showing its reasonableness, testimony was offered and received over defendant's objection tending to show that defendant had, in the spring of 1912, listed his farm with Kay & McCormack, a firm of real estate dealers, at the price of $4,500. Testimony was likewise received, over objection, that the farm was worth only $3,500. The jury having rendered a verdict against defendant for $1,800, being the balance of the purchase price over $4,500, defendant reviews the case in this court upon writ of error.

The only assignments of error argued relate to the admission of the evidence relative to prior listing at the sum of $4,500 and evidence as to value.

We are of opinion that the learned circuit judge erred in receiving the evidence in question. It tended neither to impeach defendant nor to prove the contract upon which plaintiff relied. *Hoopengarner* v. *Stipe,* 169 Mich. 307 (135 N. W. 244). See, also, *Thompson* v. *Clay,* 60 Mich. 627 (27 N. W. 699) ; *McDonald* v. *Ortman,* 98 Mich. 40 (56 N. W. 1055) ; *West* v. *Demme,* 128 Mich. 11 (87 N. W. 95).

The judgment is reversed, and a new trial ordered.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. BROOKE, J., did not sit.