FUDAY *v.* GILL.

BROKERS—COMMISSIONS—COMPENSATION— CONTINGENT FEE — PROCURING PURCHASER.

A contract for the sale of land by a broker on commission, providing that the owner will be content with a certain sum for the farm and that all received over shall go to the broker, and that if a good sale is made a note owed by the broker will be canceled, must be construed as not providing for the deferring of payment of commissions nor for a fee contingent upon full payment by the purchaser, who agrees to pay a certain sum down by deeding property and pay the balance in annual instalments, so as to deprive the broker of his right· to a commission upon the furnishing of a satisfactory purchaser at a price exceeding the minimum sum stated, although the purchaser forfeits the contract after making the cash payment and the first annual payment.[1]

[1] On broker's right to commission where purchaser procured by him is financially unable to perform his contract, see note in 20 L. R. A. (N. S.) 1168.

As to performance by a real estate broker of his contract to find a purchaser or effect an exchange of his principal's property, see note in 44 L. R. A. 593.

Error to Charlevoix; Mayne, J.  Submitted January 9, 1917.  (Docket No. 61.)  Decided March 30, 1917.

Assumpsit in justice's court by Bert Fuday against Alex Gill for broker's commissions.  From a judgment for plaintiff for an insufficient amount, plaintiff appealed to the circuit court.  Judgment for plaintiff on a verdict directed by the court.  Defendant brings error.  Affirmed.

*Harris & Ruegsegger,* for appellant.

*M. E. Silverstein,* for appellee.

FELLOWS, J.  There is no dispute of material facts in this case.  In 1910 defendant had a farm of 160 acres of land located in Charlevoix county which he desired to dispose of.  He was then in Missouri, and negotiated with plaintiff to sell the farm for him.  His price on the farm was $2,000.  The negotiations were conducted by means of correspondence.  On July 22, 1910, defendant wrote plaintiff from Forest City, Mo., telling him what personal property would go with the farm, and saying, so far as material here:

"Now about the extra price you say you will add is all right, all I ask is the $2,000; what you put in the contract over and above my price will go to you of course, I will do as I agreed, if you make a good deal I will give you back your note so I would not strike him too high or we might lose the sale."

Defendant at this time held plaintiff's note for $45.  In the fall plaintiff procured a purchaser for the farm in the person of one Chamberlin at $2,200, $750 to be paid down in the form of a house and lot and the balance to be paid in annual payments of $100, with interest at 7 per cent.  This was reported to defendant, who wrote plaintiff to "go ahead and make the deal," and instructed plaintiff to have the contract drawn and forwarded to him to execute; plaintiff did

so. There were some minor changes suggested and made, and on October 24th, defendant wrote plaintiff:

*"Friend Bert:* We received your letter today and also contracts and find them all O. K. as far as I can see. Have signed them and will mail them back to you in the morning. I think the contract is gilt edge."

The contract was executed by defendant and wife and Chamberlin and wife, and upon its execution Chamberlin and wife deeded the house and lot to defendant and wife and took possession of the farm. The first year Chamberlin made his payment with interest, but the second year he defaulted, and defendant declared the contract forfeited and repossessed himself of the premises. He did this without notice to plaintiff. Soon after the deal was closed defendant turned over to plaintiff his note of $45, and a year later paid him $14, which both parties seem to have regarded as interest, the plaintiff treating it as interest on the account due him for his commission, claiming that defendant agreed to pay the $200, but put him off from time to time; defendant claims that he treated it as interest on plaintiff's share of the contract. It was conceded in the court below that the case was one for the court, both parties moving for a directed verdict. The court directed a verdict for the plaintiff, and defendant brings the case here.

Briefly stated, it is the contention of the defendant here that we should construe this contract to the following effect: That it provides for a delivery of plaintiff's note of $45 on a sale for $2,000, but that beyond that it provides for a contingent fee dependent upon full payment of the $2,000 by Chamberlin before plaintiff's right of action accrued; that plaintiff might have an interest in the contract, but not a present cause of action against defendant; that it was not an actual sale to Chamberlin, but only a contract of sale which terminated with Chamberlin's default. This is elab-

orated somewhat in defendant's brief, but we have stated the gist of it.

Defendant cites and relies upon the following cases: *Fountain Valley Land, etc., Co.* v. *Pearsons,* 201 Fed. 324 (119 C. C. A. 562) ; *Glade* v. *Ford,* 131 Mo. App. 164 (111 S. W. 135), and *Marx* v. *Otto,* 117 Mich. 510 (76 N. W. 7). The first of these cases gives color to defendant's claim. In the second of these cases the broker had entered into an express agreement to defer payment of his commission until the purchasers had paid the notes given for the purchase price. The last of these cases (*Marx* v. *Otto*) is cited and relied upon by both parties. An examination of the record and briefs in that case discloses that the defendant there made the same claim as is made by the defendant in the instant case, that the trial court sustained the contention of the defendant and directed a verdict for the defendant for the amount of his set-off. The plaintiff in that case, while apparently conceding that there was some evidence tending to show that the sale was to be for cash, and, if not for cash, that he was to wait until payment before demanding his commission, insisted that there was evidence tending to show a waiver of a cash sale, and urged that upon all the evidence and circumstances the case was one for a jury. This court declined to hold as a matter of law that the contention of the defendant was correct, and held that under the facts disclosed in the record the question was one for the jury.

In the instant case the sale was not for cash, plaintiff procured for defendant a satisfactory purchaser of his farm upon terms and under a contract, approved and executed by him, and which he pronounced "gilt edge." A broker becomes entitled to his commission whenever he procures for his principal a party with whom he is satisfied and who actually contracts for the purchase of the property at a price acceptable to

the owner (*Hubbard* v. *Leiter*, 145 Mich. 387 [108 N. W. 735]; *McDonald* v. *Ortman*, 88 Mich. 645 [50 N. W. 644]; *Whitaker* v. *Engle*, 111 Mich. 205 [69 N. W. 493]; *Keys* v. *Johnson*, 68 Pa. 42) ; and he is not deprived of the right to his commission by the fact that the purchaser fails to carry out his contract (19 Cyc. p. 270) ; nor is he bound to wait until all deferred payments were paid and all agreements on the part of the purchaser complied with (*Morgan* v. *Keller*, 194 Mo. 663, 680 [92 S. W. 75]), and it is necessary to show an express agreement to defer payment of his commission to defeat his right of recovery after performance (*Hodgkins* v. *Mead*, 8 N. Y. Supp. 854, affirmed without opinion, 130 N. Y. 676 [29 N. E. 1035]).

We think that in the instant case there is nothing in this contract that has any tendency to defer, or that should be construed to defer, the payment of plaintiff's commission until the purchase price had been paid in full, or for a period of 14 years, which is the time fixed in the Chamberlin contract for its performance. The fact that the amount of plaintiff's compensation was measured by the excess above defendant's price does not deprive it of its character of commission. It is no more of a contingent fee than is the ordinary contract with real estate brokers. Such contracts are always contingent in a sense, dependent upon performance by the broker. Plaintiff had performed his contract; he had earned his commission; it was due at the time suit was brought. The court was right in directing a verdict for him.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.