BRUNELLE *v.* RUELL.

TRIAL—QUESTION FOR JURY—EVIDENCE AUTHORIZING DIFFERENT INFERENCES.

  Where the testimony in an action of crim. con. is as consistent with innocence as with guilt, but is such that different inferences may be drawn from it, the case is for the jury, and it is error to direct a verdict for defendant.

Error to Houghton; Streeter, J. Submitted February 16, 1905. (Docket No. 165.) Decided May 22, 1905.

Case by Joseph Brunelle against Archie Ruell for alienation of affections and criminal conversation. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*George O. Driscoll* (*P. H. O'Brien*, of counsel), for appellant.

*Chadbourne & Rees*, for appellee.

BLAIR, J. This case was brought in the circuit court of Houghton county to recover damages for the alleged alienation by defendant of the affections of Sarah Brunelle, wife of the plaintiff, and for criminal conversation.

The testimony upon the trial was directed towards the maintenance of the charge of criminal conversation. At the close of the testimony for plaintiff, the court took the case from the jury, and directed a verdict on the ground that the evidence would not warrant a verdict in favor of plaintiff. The court's reason for directing a verdict was explained by him in his charge, as follows:

  "After a careful review of all the testimony in the case, I am unable to find one single act which, to my mind, is not as likely to be an innocent act as a guilty one, and, having that view of the testimony, I feel it my duty to direct you to render a verdict of not guilty."

We think the learned trial judge erred in directing this verdict. After a careful consideration of the testimony, we have also arrived at the conclusion that the testimony is consistent with either guilt or innocence. In such cases, however, where different inferences may be drawn from the same facts, it is the province of the jury to draw such inferences, and not of the court. *Teipel* v. *Hilsendegen*, 44 Mich. 461; *Burroughs* v. *Ploof*, 73 Mich. 607; *Slade* v. *Lee*, 94 Mich. 127.

While the circumstances from which defendant's guilt might be inferred are far from being cogent, we cannot say that the jury would not have been justified in any reasonable view of them in drawing such conclusion. Plaintiff was absent the most of the time, at least, and, according to the testimony of Mrs. Richards, who lived next door, Mr. Ruell went to the house many times while plaintiff was absent; he went in without knocking, and, when he went away, Mrs. Brunelle would come as far as the door with him, and her face would be red, and defendant's also. Later on, he would let himself out, and his hat would be drawn down in front, and Mrs. Brunelle would not be seen at the door. One Albert Fish testified to a conversation with the defendant after the case had been started:

"Well, he told me that he was sued in damages—a lawsuit. I forgot the amount, though, but he told me that he was sued for a big amount, and I asked him from who, and he told me it was from Joe Brunelle, 'You ought to know.' I say, 'Yes, I know it now, because he told me that he was going to sue you.' Then I told him that I had advised Joe Brunelle to settle up that matter quietly, not go to law; that it would be better. He said, 'Yes, if he come to me I would have settled it, but now it is too late, I am going to fight the case.' He said, 'He think he going to make quite a bit of money out of that, but I believe he will be mistaken."

Plaintiff's children, the oldest being a girl of 13, were called as witnesses in his behalf, and their testimony tended to show that defendant only came to the house on a few

occasions, and then for the purpose of having washing done by their mother. But we cannot say that the jury might not prefer the testimony of Mrs. Richards, somewhat confused though it was.

The other assignments of error relate to rulings of the court upon the admissibility of testimony or the form of questions, which we have considered, and find to be without error.

The judgment is reversed, and a new trial granted.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.