BROWN *v.* EVANS.

1. HUSBAND AND WIFE — CRIMINAL CONVERSATION — ADULTERY—
   EVIDENCE—SUFFICIENCY.
   > In an action for criminal conversation, an instruction respect-
   > ing adultery that: "Mere opportunity to commit adultery
   > is not sufficient to establish this offense; there must be evi-
   > dence of such facts and circumstances, times and places, and
   > association together as would naturally lead a man of ordi-
   > nary care and prudence to the conclusion that such parties
   > were having illicit sexual intercourse. It is not necessary to
   > prove sexual intercourse by direct evidence; proof that the
   > parties occupied the same bed during a portion of one night
   > would be sufficient"—correctly states the law.

2. CONSPIRACY—EVIDENCE—SUFFICIENCY.
   > An instruction that: "A common design or purpose by two or
   > more persons is the essence of the charge of conspiracy, and
   > this common design must be proved either by direct evidence
   > or by proof of such circumstances as naturally tend to prove
   > it, and sufficient in themselves to satisfy you of the existence
   > of such common design, before you can find a conspiracy"—
   > is a correct statement of the law.

3. EVIDENCE—LETTERS—COPIES—ADMISSIBILITY—PRESUMPTION ON
   ERROR.
   > Where a letter was traced to the possession of defendant's
   > wife, who has since deceased, and defendant was given notice
   > to produce it and denied having it, and plaintiff claims in
   > this court that defendant was her administrator and as such
   > the proper custodian of her papers, which defendant denies,
   > claiming his son was administrator, and neither party points
   > out any testimony in the record to sustain his claim, it will be
   > presumed the trial court was correct in excluding a copy.

4. HUSBAND AND WIFE — CRIMINAL CONVERSATION — EVIDENCE —
   HEARSAY.
   > In an action for alienation of affections and criminal conversa-
   > tion, testimony by witnesses as to statements made by plain-
   > tiff's wife to them, detailing acts of extremely cruel conduct
   > on the part of her husband, is inadmissible, being purely hear-
   > say.

5. Same—Documentary Evidence—Submission to Jury.

Where suit was begun by capias based on affidavits, one of which stated facts conclusively showing adultery between defendant and plaintiff's wife, and defendant claims that affiant was one of several conspirators who were attempting to blackmail him, and offers a statement purporting to be signed by affiant just before he died, in which he retracted the statements made in the affidavit, plaintiff's request that the statement be submitted to the jury along with the affidavit for comparison of signatures, plaintiff claiming that the statement was a forgery, should be granted.

6. Trial—Argument of Counsel—Prejudice—Both Counsel at Fault.

Improper conduct and argument of counsel cannot be complained of by counsel equally at fault, the court having rebuked both during the trial and instructed the jury not to consider the prejudicial statements.

Error to Allegan; Padgham, J. Submitted June 6, 1907. (Docket No. 40.) Decided September 20, 1907.

Case by Harry Brown against Isaac E. Evans for the alienation of the affections of plaintiff's wife, and for criminal conversation. There was judgment for defendant, and plaintiff brings error. Reversed.

Plaintiff in his declaration charged defendant with the alienation of his wife's affections and criminal conversation with her. Defendant denied the accusation, and charged that the plaintiff and certain other persons had entered into a conspiracy against him for the purposes of blackmail. The testimony is in very sharp conflict. The jury evidently found it necessary to determine what witnesses had testified falsely. If the jury believed some of the testimony on the part of the plaintiff they would have found the defendant guilty of adultery with plaintiff's wife, and that he had alienated her affections. Evidently they did not believe it, but did find that defendant was guilty of no improper relations with her, and that a conspiracy to blackmail defendant had been established, or else they believed that plaintiff by his own cruel and bru-

tal conduct towards his wife had alienated all the affec-
tions she ever had for him before there was any intimacy
between her and defendant.   There was evidence to sup-
port either finding.   The errors assigned relate to the rul-
ings of the court upon the testimony; to the misconduct
of defendant's counsel; to prejudicial remarks by the
court, and the instructions to the jury.

*Clare E. Hoffman* (*Fidus E. Fish* and *W. J. Barn-
ard*, of counsel), for appellant.

*Thew & Thompson* ( *Wilkes & Stone*, of counsel), for
appellee.

GRANT, J. (*after stating the facts*).   1. The learned
circuit judge fully and fairly stated to the jury the claims
of the respective parties.   He then fully and correctly in-
structed them upon all the questions of law involved.
Upon the question of adultery he instructed the jury in
part as follows :

"Mere opportunity to commit adultery is not sufficient
to establish this offense; there must be evidence of such
facts and circumstances, times and places, and association
together as would naturally lead a man of ordinary care
and prudence to the conclusion that such parties were
having illicit sexual intercourse.   *   *   *
"It is not necessary to prove by direct evidence that
the defendant had sexual intercourse with Mrs. Brown.
If you find from the evidence that Mrs. Brown and the
defendant occupied the same bed during the portion of
one night, this is sufficient proof—that a man and woman
not husband and wife occupied the same bed, would be
sufficient to find adultery."

Upon the question of conspiracy he instructed the jury
in part as follows :

"A common design or purpose by two or more persons
is the essence of the charge of conspiracy, and this com-
mon design must be proved either by direct evidence or by
proof of such circumstances as naturally tend to prove it,
and sufficient in themselves to satisfy you of the existence

of such common design, before you can find a conspiracy."

No question is raised as to the correctness of the instructions upon the alienation of the wife's affections. The above excerpts are a correct statement of the law, and the other parts of the charge were in accordance with them. The correctness of a charge cannot be determined by isolated sentences. Taken as a whole, the charge in this case contains no error.

2. Error is assigned upon the refusal of the court to admit in evidence a copy of a letter claimed by plaintiff to have been written by defendant to his (plaintiff's) wife. This letter is important, for if it was written by defendant it tended very strongly to show illicit relations between defendant and plaintiff's wife. Plaintiff gave evidence tending to show that this letter came into the possession of Mrs. Evans, who had died before the trial. Notice had been given to defendant to produce this letter. He denied having such a letter. The theory of the plaintiff was that defendant was the administrator of his wife's estate, and as such was the custodian of her papers. Counsel for plaintiff assert in their brief that he was the administrator. Counsel for defendant assert in their brief that he was not, but that her son was the administrator. Neither counsel point to any testimony in the record to sustain their assertions. We must therefore assume that the court correctly excluded the copy.

3. Several witnesses for the defendant were permitted to testify to the statements made by plaintiff's wife to them, detailing acts of extremely cruel conduct on the part of her husband. It needs no argument to show that this was error. The testimony was purely hearsay.

4. This suit was commenced by capias. One of the affidavits filed in the case as a basis for the writ was made by one Albert Jackson, alleged by the defendant to be one of the conspirators, stating facts which would conclusively show adultery on the part of defendant and Mrs. Brown. Jackson died before the suit was tried. It,

was claimed that he signed a statement just before he died retracting the charges made in his affidavit This was introduced in evidence. Plaintiff claimed that the statement was a forgery, and asked to submit to the jury the signature of Jackson to the affidavit so that they might compare the two signatures. This was refused. The affidavit was a part of the files in the case. No collateral issue could be raised as to its genuineness. The request should have been granted. *Vinton* v. *Peck*, 14 Mich. 292; *People* v. *Hutchings*, 137 Mich. 527.

5. While it is true that counsel for defendant made statements during the trial not justified by the record and undoubtedly intended to prejudice the jury, the court promptly rebuked them, and in his charge instructed the jury not to consider them. It is equally true that plaintiff's counsel were not free from the same fault. The conduct of counsel was such that it drew from the court, during the progress of the trial, the following rebuke:

"I want it understood now, from here on, we are going to try this case according to the rules of law; if we don't the case is going out of court. Now just let us understand it. I have made up my mind that we have fooled long enough, and you want to try it according to the rules of law on both sides without lugging in matters that are incompetent and immaterial."

Some 30 other errors are assigned upon the rulings of the court during the trial. The most of them are without merit, and as the others need not arise on a new trial, it is unnecessary to determine them.

Judgment reversed, and new trial ordered.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.