NELSON *v.* SANDEL.

1. ADULTERY—EVIDENCE—SUFFICIENCY—PROOF.
   Mere opportunity to commit adultery is not sufficient to establish this offense; there must be evidence of such facts and circumstances, times and places, and association together as would naturally lead a man of ordinary care and prudence to the conclusion that such parties were having illicit sexual intercourse.

2. HUSBAND AND WIFE—CRIMINAL CONVERSATION—ADULTERY—EVIDENCE—SUFFICIENCY.
   In an action for criminal conversation, evidence that de-

fendant and plaintiff's wife left the public sitting-room of a hotel in company with each other and returned together after an absence of from 20 to 30 minutes, *held*, insufficient to warrant an inference that an opportunity was afforded for the commission of the crime charged, in the absence of testimony of any undue intimacy between them or tending to show that defendant was actuated by an adulterous disposition.

Error to Gratiot; Tappan, J., presiding. Submitted February 4, 1919. (Docket No. 70.) Decided April 3, 1919.

Case by Clinton Nelson against George J. Sandel for criminal conversation with plaintiff's wife. Judgment for defendant. Plaintiff brings error. Affirmed.

*Lyon & Searl*, for appellant.

*Charles H. Goggin* (*William A. Bahlke*, of counsel), for appellee.

This action is brought for the purpose of recovering damages from defendant growing out of his alleged criminal conversation with plaintiff's wife. The plea was the general issue with notice thereunder:

"that if there are any facts or circumstances tending to prove the matters and things set forth in plaintiff's declaration, such transactions, facts and circumstances, if any, were committed, performed and occurred, if at all, by reason of the fraudulent, dishonest and illegal acts of the said plaintiff, in this, to-wit, that the said plaintiff unlawfully conspiring and confederating with one Joseph Ray, Frederick W. Hooper, William Ball and Edith Fletcher and divers other persons to this defendant unknown, heretofore, to-wit, on the 15th day of July, 1916, made and entered into a scheme or plan to fraudulently procure a cause for divorce from the bonds of matrimony from one Lorinda M. Nelson, the wife of the said plaintiff, and to procure fraudulently from her, the said Lorinda M. Nelson, a property settlement with said plaintiff and

for such purposes and in furtherance of said fraudulent scheme and conspiracy to debauch the said Lorinda M. Nelson by inducing, enticing and causing her to commit adultery and various other kinds of misconduct with divers persons then unknown and now unknown to this defendant."

The notice further charges that as a result of such conspiracy a property settlement between plaintiff and his wife, Lorinda M. Nelson, was procured on the 15th day of September, 1916, and that thereafter a suit for divorce was commenced by plaintiff against his said wife.

The evidence introduced on behalf of the plaintiff tends to establish the following facts: Defendant is a married man and became acquainted with plaintiff's wife in the spring of 1916 on which occasion plaintiff and his wife and defendant and his wife went to Edmore in an automobile; that in April, 1916, defendant called in the daytime at a house where both defendant and his wife were visiting; that plaintiff's wife went to the door upon which defendant said to her:

"Hello! What about that date? Have you seen the other party, and are you game yet?"

—to which she answered:

"Clint is here."

Whereupon defendant pushed open the door and said:

"Oh, Clint, you are the man I want to see. I want to see you about selling the Johnson home. I didn't want Mame to hear it for she would tell it."

The record discloses no other meetings between defendant and plaintiff's wife until the 8th day of July, 1916, upon which date it is alleged the act of criminal conversation was committed. One Mrs. Madden testified that in the forenoon of that day defendant called her up and said that:

"Mr. Beadle (defendant's partner in business), would be in on the noon train and wanted to know if Mrs. Nelson and I would go to Hemlock";

—that he agreed to call up Mrs. Nelson; that the witness agreed to go and that later she called for plaintiff's wife in her car and the two drove to Hemlock; that soon thereafter defendant and Beadle arrived at Hemlock in their car and that the four thereafter drove to Saginaw, defendant and Beadle sitting in the front seat and Mrs. Madden and Mrs. Nelson in the back seat; that in Saginaw they went to the Hotel Leisher, reaching there about 4:30 in the afternoon; that upon arriving at the hotel the four persons constituting the party went upstairs to the public sitting-room where they remained in conversation some fifteen minutes, at the end of which time defendant and Mrs. Nelson left the sitting-room with the statement that they would return in a minute; that they were gone between twenty and thirty minutes; that on their return all four went downstairs, entered the automobile and drove to a store where Mrs. Nelson purchased a coat costing $12 for which defendant paid; that thereafter the four dined in company at the Fordney hotel and later drove back to Hemlock where the two women entered their own automobile and the parties proceeded to their respective homes; that there were bedrooms on the same floor as the sitting-room in the hotel.

Defendant denied having the alleged conversation with plaintiff's wife with respect to a "date"; denied making an appointment with Mrs. Madden to meet her and plaintiff's wife at Hemlock, but claimed that such meeting was wholly accidental; admitted driving to Saginaw with Beadle in their company, but claimed that the women alighted from the automobile in the business section of the city where it was agreed that if defendant and Beadle got through with their busi-

ness before the train left they would all meet at the Hotel Leisher and return to Hemlock in company; admitted that the meeting occurred at the Hotel Leisher, but denied that on that occasion he went upstairs to the public sitting-room and in support of this denial introduced corroborative evidence; admitted that. a call was made at a store where plaintiff's wife purchased a coat and borrowed from him two or three dollars to pay for or to help pay for the same; admitted dining with the women at the Hotel Fordney and thereafter driving to Hemlock in their company. It affirmatively appeared by the testimony of the hotel proprietor that no rooms were engaged by either the defendant or his associate, Beadle, on the occasion in question. At the conclusion of all the testimony the defendant preferred certain requests to charge, the first of which follows:

"1. The jury is hereby instructed that there is no evidence in this case from which the jury may legally infer that the defendant was guilty of having criminal or unlawful sexual intercourse with the plaintiff's wife at the time and place as alleged in the plaintiff's declaration, or like act at any other time or place and the plaintiff's declaration counting alone upon criminal conversation with the plaintiff's wife, Lorinda Nelson, as the sole cause of action, the plaintiff cannot recover in this cause and your verdict by direction of the court will be not guilty or no cause for action."

The court denied this request and submitted the case to the jury under careful instructions. A verdict of not guilty was returned by the jury and judgment duly entered thereon.

BROOKE, J. (*after stating the facts*). In this court plaintiff reviews the case under some 57 assignments of error which we find it unnecessary to consider at large for the reason that after a careful reading of all the testimony introduced we are of opinion that

the learned circuit judge who tried the case was in error in failing to grant the first request to charge preferred by defendant's counsel and direct a verdict in his favor upon the grounds stated. Error is assigned upon the admission and exclusion of testimony. A careful scrutiny of such assignments makes it clear that no evidence offered on behalf of the plaintiff was excluded which had the remotest tendency to establish defendant's guilt. We, therefore, reach for consideration the sole question whether, given its highest probative value, the evidence introduced on plaintiff's part was such as to legally warrant the jury in drawing an inference that defendant on the 8th day of July, 1916, in the twenty or thirty minutes during which he and plaintiff's wife were absent from the public sitting-room in the Hotel Leisher, committed the act of criminal conversation of which complaint is made in the declaration.

Under all the authorities in a case of this kind it is necessary for the plaintiff to prove by a preponderance of the evidence an adulterous disposition on the part of the parties. It is further necessary to prove in the same manner that the parties had an opportunity to commit the crime. *Knickerbocker* v. *Worthing,* 138 Mich. 224. In *Brown* v. *Evans,* 149 Mich. 429, this court specifically approved of the following instruction:

"Mere opportunity to commit adultery is not sufficient to establish this offense; there must be evidence of such facts and circumstances, times and places, and association together as would naturally lead a man of ordinary care and prudence to the conclusion that such parties were having illicit sexual intercourse."

Applying these rules to the facts in the case at bar we find that prior to the day in question the defendant had been in the society of plaintiff's wife but twice, upon each of which occasions plaintiff himself

was present. There is absolutely no evidence of any undue intimacy between defendant and plaintiff's wife upon either of the occasions in question, nor, assuming that every word testified to by Mrs. Madden is true, is there anything in her evidence contained tending to show that the defendant was actuated by an adulterous disposition. The circumstances surrounding the parties in the Hotel Leisher at Saginaw are not only consistent with defendant's innocence, but they are insufficient, in our opinion, to support an inference of his guilt. The mere fact that a man and woman in broad daylight leave the public sitting-room of a hotel in company with each other and return together after an absence of from twenty to thirty minutes is not sufficient to warrant the jury in drawing an inference that an opportunity was afforded for the commission of the crime charged. The case under its facts is much weaker than *Brunelle* v. *Ruell*, 140 Mich. 256, cited and relied upon by plaintiff. The jury by its verdict upon its own volition reached the result which it should have reached under the direction of the court.

The judgment is affirmed.

OSTRANDER, MOORE, STEERE, STONE, and KUHN, JJ., concurred with BROOKE, J. BIRD, C. J., and FELLOWS, J., concurred in the result.