Glade v. Ford.

is for the right party.   Accordingly, it is affirmed.   All concur.

GEORGE H. GLADE et al., Appellants, v. A. P. FORD, Respondent.

**Kansas City Court of Appeals, May 25, 1908.**

1. **TRIAL AND APPELLATE PRACTICE: Trial Without Jury: Finding.**   Findings of fact made by the trial court in a law case tried without a jury are the equivalent of a verdict, and if supported by substantial evidence must be accepted as final by the appellate court.

2. **CONTRACTS: Consideration: Evidence: Broker's Commission.** A contract by which a broker agreed to wait for half of his commission until the deferred payments on the real estate had been made by his purchaser is held to have sufficient consideration, since the evidence shows that the sale would not have occurred but for the agreement so to wait.

3. ————: ————: **Diligence in Collection: Insolvency: Premature Action.**   Where the seller of land agrees to pay a part of the real estate broker's commission upon the collection of certain deferred payments from his vendee, he is under obligation to use reasonable and prudent efforts to collect such payments, and a failure to do so for a reasonable time would give the broker a right of action for his commission; but where the broker brings his action to recover his commission he must show that suit would have been availing against the vendee; otherwise his action is prematurely brought.

Appeal from   Jasper. Circuit   Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*McAntire & Scott* for appellants.

(1) The defendant was not released from his original liability to pay the $1,000 for the reason that there was no consideration for the extension of time.   Harburg v. Kumpf, 151 Mo. 16.   (2) Where a defendant by his own negligence fails to make efforts to collect the

notes due and by his own act failed he could not by such negligence prejudice plaintiff's rights and their right would not have to depend upon the collection of the money from the purchasers, for the reason that Ford by his own act after said notes became due, permitted attachments to remain upon the property and did not dissolve the said attachments and failed to bring suit to collect his money.	Webster v. Myers, 52 Mo. App. 340; Tuerman v. Stevens, 83 Mo. 218; Croker v. Holmes, 65 Me. 195.	(3)	Even though the court should hold that in the construction of this contract that there was a consideration for it, it could be only held that plaintiffs were bound to wait a reasonable length of time and they had waited from 1903 until 1905.	Such being the case we claim that under the authorities quoted hereunder that the court should have found a verdict for the plaintiffs.	Crocker v. Holmes, 65 Me. 195, 20 Am. Rep. 687; Noyes v. Barnard, 63 Fed. 782; Nuntz v. Danter, 19 Wall. 560; Ubsdell v. Cunningham, 22 Mo. 124; Walker v. Woollen, 54 Ind. 164; Whiting v. Grey, 11 L. R. A. 526; Howe v. Bristow, 65 Mo. App. 628; Dwolfe v. French, 51 Me. 42; Sears v. Wright, 24 Mo. 278. . (5)	The court's finding was inconsistent with the declarations of law which he gave.

*Cole, Burnett & Williams* for respondent.

(1)	The agreement as expressed in the written instrument sued on in this case was made before the sale on the leasehold interest by Ford to Bruner and Hedrick, and unless the arrangement had been made before the sale was consummated, the sale would not have been made, and plaintiffs cannot recover in this case until payment has been made to defendant, Ford. (2)	A note given in part payment of real estate was made to become due on a given date or when plaintiffs get possession of the entire tract.	An action brought before he obtained such possession was prema-

ture, and whether he had possession is a question for the jury.    Bank v. Porterfield, 70 Mo. App. 573.    (3) From the agreement between the plaintiffs and defendant no payment was to be made, by defendant to plaintiffs until payment had been made by Bruner and Hedrick to defendant.    As soon as Bruner and Hedrick pay defendant then he becomes liable to plaintiffs, and until such payment is made by Bruner and Hedrick, Ford owes plaintiffs nothing.    (4)    The court's finding was not inconsistent with the declarations of law which he gave.

JOHNSON, J.—Plaintiffs, real estate agents, sued to recover a commission alleged to be due them from defendant.    A jury being waived by the parties, trial before the court resulted in a judgment for defendant on the finding that the action was begun prematurely. Plaintiffs appealed.

There is no dispute over the fact that defendant employed plaintiffs to procure a purchaser for a mine he owned in Jasper county at the price of $30,000, and agreed to pay them a commission of $2,000 for such services.    Nor is it denied that plaintiffs found purchasers in the persons of a Mr. Bruner and a Mr. Hedrick to whom defendant sold and conveyed the property on February 25, 1903, for $30,000; that defendant accepted a down payment on the purchase price of $15,000 and the unsecured promissory notes of Bruner and Hedrick for the remainder, due in four, five and six months, and that none of those notes nor any part of them has been paid.    And it is agreed that the following written instrument was signed by plaintiffs and delivered to defendant:

"Joplin, Mo., Feb. 25th, 1903.

"Received of A. P. Ford One Thousand ($1,000) Dollars on account of commission in sale of Tennessee mine, balance one thousand ($1,000) Dollars to be paid as follows:    $333.33 in four months upon the payment

of a certain note of $5,000 from Bruner & Hedrick to
A. P. Ford and $333.33 in five months when another
note of same amount as above is paid, and $333.33 in
six months when another $5,000 note is paid. In the
event of the payment of the above notes before ma-
turity then the commission is due and payable. One-
half of the above amounts to J. E. Tedford and one-
half to Geo. H. Glade."

Plaintiffs admit the payment of $1,000 recited in
the instrument and this suit is for the recovery of the
three deferred payments mentioned therein which ag-
gregate $1,000 and are still unpaid.

The facts in controversy thus may be stated: It
is the contention of plaintiffs, supported by evidence,
that by the terms of their contract of employment with
defendant, they were entitled to receive the whole of
the commission when the sale was closed, regardless
of whether or not defendant sold the property partly on
the credit of the purchasers; that they agreed to defer
the payment of half of their commission as a matter of
accommodation to defendant who requested it as a favor
to him, and that the agreement was made and the instru-
ment we have copied was signed and delivered after the
sale had been fully consummated. Further, plaintiffs say
that their evidence shows defendant negligently omitted
to force the collection of the Bruner and Hedrick notes
after they fell due, but they failed to introduce any
evidence to the effect that Bruner and Hedrick were
solvent or that efforts to collect the notes would have
availed anything. From these facts, plaintiffs argue,
first, that the agreement for the extension of time for
the payment of half their commission is void for the
reason that it is unsupported by a consideration and,
second, that should the agreement be held to be free
from this objection, nevertheless, plaintiffs are enti-
tled to recover bcause of the fact that reasonable dili-

gence was not employed by defendant to collect the Bruner and Hedrick notes.

On the part of defendant, the evidence is to the effect that when informed during the negotiations preceding the sale that the purchasers required time in which to pay half of the purchase price and would do nothing more than to give their unsecured promissory notes for the deferred payments, defendant refused to deal on such terms and did not consent to go on with the transaction until assured by plaintiffs that the purchasers were responsible and that plaintiffs' right to receive payment of more than one-half of the agreed commission would be made dependent on the collection of the purchase price notes.    Defendant testified: "Mr. Tedford, he was with us when the sale was made, and I wanted to retain a lien on the mine, Bruner would not do it; he said he was good, worth $85,000 and his partner was worth ever so much.    I was going to back out and I took Mr. Tedford out in the hall of W. B. McAntire's office and I asked Mr. Tedford if Bruner was good, and he said yes he was, could be no question about it.    I says, 'Here, if I let this go without any lien you don't get your commission until I get my money.'    He says, 'I am perfectly willing; I am very willing.'    I says, 'All right, I'll let the trade go through and take Bruner's notes.' "

On the issue of defendant's negligence in failing to use reasonable diligence to collect the purchase price notes, it is shown that defendant refrained from bringing suit on them until about two years after the sale was made and long after the notes had matured.    But the evidence shows that shortly after the sale was made, defendant was sued by attachment on a demand of $4,500, and Bruner and Hedrick were brought into that action as garnishees and that the suit was compromised and settled in September, 1905, at about the same time defendant caused suit to be brought against Bru-

ner and Hedrick on their notes.    The charge of neg-
ligence rests on the ground that in omitting to make
any effort to dissolve the attachment or to give a forth-
coming bond, defendant negligently suffered himself
to remain in a position where he could not proceed
against the garnishees, his debtors.    Defendant an-
swers this by adducing evidence from which it appears
that plaintiffs were kept informed fully and promptly
of the proceedings in the attachment suit; that no step
was taken therein by defendant except with their knowl-
edge and approval and that they acknowledged on dif-
ferent occasions that they were not entitled to their
unpaid commission until the purchase price notes
should be collected and expressed an anxious desire that
the attachment suit might be pushed to a conclusion
as speedily as possible in order that the way might be
opened for defendant to begin action against Bruner
and Hedrick.

Plaintiffs say in their brief "the court found the
issues in favor of the defendant and rendered judg-
ment to the effect that the suit was prematurely brought
by plaintiffs for the reason that there was no evidence
offered or given by either party to show that from and
after said notes became due that Bruner and Hedrick
were solvent and on this ground and this alone, the
court held that the suit was prematurely brought."

The declarations of law given at the request of
plaintiffs very clearly presented as issues to go to the
court as a jury all of the facts involved in controversy
and in giving them and then finding for defendant,
the court necessarily must have resolved all of the con-
tested facts against the contention of plaintiffs.    Find-
ings of fact made by the trial court in a law case tried
without a jury are the equivalent of a verdict of a
jury and if supported by substantial evidence must
be accepted as final by the appellate court.    There-
fore, we treat as a verity the version of the transaction

given in the evidence introduced by defendant which, as to all disputed facts, we find to be substantial. As an inducement to defendant to make the sale on the terms proposed by the purchasers, plaintiffs agreed to defer the payment of one-half of their commission until defendant should collect the purchase price notes and further agreed that payment of that part of their commission should not be made at all in the event defendant was unable to collect the purchaser's notes.

On this hypothesis of fact, the contention of plaintiffs that the agreement expressed in the written instrument signed by them is void for lack of consideration is wholly without merit. We may concede that when they were employed to find a purchaser, it was on the understanding that defendant would accept a purchaser who would require some time on part of the purchase price, but it clearly appears that defendant was to be satisfied with the terms of payment offered and would be under no obligation to plaintiffs if he refused to sell on unsatisfactory terms. He was acting clearly within his right when he refused to sell on terms which compelled him to accept the unsecured notes of the purchasers and, had the negotiations then terminated, plaintiffs would not have been entitled to any commission. In such situation, their agreement with respect to the commission was supported by the promise of defendant afterward performed to make a sale he was under no sort of compulsion to make. This was an adequate consideration and we must hold the contract evidenced in the written receipt binding on plaintiffs. By its terms, defendant was under no obligation to pay the commission except in the manner provided, but in law, he did charge himself with the duty to plaintiffs of making reasonable and prudent efforts to collect the notes as they matured. Had it developed that the makers were solvent and could have been compelled by suit at law to pay the notes, their

Glade v. Ford.

failure to pay would not have justified defendant in delaying for an unreasonable time the institution of such suit nor for being unreasonably slothful or dilatory in its prosecution. A negligent breach of the duty we have just defined would have entitled plaintiffs to an action against defendant for the recovery of their commission, notwithstanding their agreement was to wait until the purchase notes were paid. But in order for plaintiffs to maintain an action predicated on such negligence, it was necessary for them to adduce facts showing that the notes were collectible by suit. It devolved on them to prove the solvency of the makers of the notes since defendant could not be considered as being remiss in the performance of his duty to plaintiffs from the mere fact that he had failed to bring suit against insolvent persons. The fact of solvency was constitutive of the cause and in omitting to prove it, plaintiffs failed to make out a case. Thus the question of reasonable diligence on the part of defendant was not properly before the court as an issue of fact and no error was committed in holding that the action was brought prematurely.

What has been said is a sufficient answer to the complaint of plaintiffs that the court erred in refusing to give one of the declarations of law asked by them.

The judgment is affirmed. All concur.