Frank L. Myers, Appellee, v. John A. Buell, Appellant.
Gen. No. 5,031.

1. APPEALS AND ERRORS—*when propriety of giving peremptory instruction preserved for review.* A motion for a new trial is not essential to preserve for review the question of the propriety of the giving of a peremptory instruction.

2. REAL ESTATE COMMISSIONS—*how obligation to pay, cannot be defeated.* A party cannot defeat his obligation to pay real estate commissions by voluntarily canceling the contract of purchase and sale obtained by the real estate agent.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

Z. F. YOST and H. H. McDOWELL, for appellant.

R. S. McILDUFF and B. R. THOMPSON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant to recover $200 alleged to

have been agreed by appellant to be paid appellee as commissions upon a real estate transaction. He had a verdict and a judgment for that amount, from which defendant below appeals.

At the close of appellant's evidence appellee moved the court to find the issues for the plaintiff. The court denied this motion, but after the evidence in rebuttal had been heard the court reversed its former ruling and gave an instruction to the jury to find for the appellee and to assess his damages at $200 and the verdict was rendered in obedience thereto. The bill of exceptions does not contain any motion for a new trial nor any exception to the denial thereof. The sufficiency of the evidence to support the verdict is therefore not presented for our consideration. The giving of the instruction was excepted to and that ruling was preserved for review without a motion for a new trial. I. C. R. R. Co. v. O'Keefe, 154 Ill. 508.

Appellant owned some real estate in Pontiac, which he wished to trade for farm property, and he applied to appellee to get him such a trade. Appellee replied that he had no farm listed, but he knew a party who had. According to appellee's testimony appellant told appellee he would give him $200 to get him a trade. According to appellant's testimony he told appellee that he would give him $200 to have a trade go through, or he would give him $200 when the trade was completed and all the papers turned over. On a motion to direct a verdict the court could not weigh this conflicting testimony and decide which version of the contract was true, and if the case turns upon the question which version of the contract is correct the judgment must be reversed. If, however, assuming appellant's version of the contract to be true, still appellee was entitled to recover, then the ruling did not harm appellant.

Appellee secured and procured the execution, both by appellant and the opposite party, of a contract for

the trade of a farm of 320 acres in Indiana for appellant's city lots and cash. The other party to the contract was one Obadiah Naden, and his signature to that contract was by B. O. Naden his agent. It is contended by appellant that he was not bound by the contract because it was under seal and the authority of B. O. Naden to sign for the first party was not shown. Appellant offered in evidence a bill in equity and an amended bill, filed by Obadiah Naden against appellant, in which the complainant asserted that this was his contract. As he adopted the contract he was bound and appellant was also bound. In that suit the parties signed a stipulation in which they recited the execution of this contract by Obadiah Naden, by B. O. Naden, his agent. It is therefore clear that this contract bound Obadiah Naden.

After this contract had been made appellant told appellee his children were opposed to going to Indiana and he feared he could not carry out the contract. Afterwards he told appellee that he had matters fixed so that the contract would be carried out. Still later he again told appellee that he would not carry out the contract on account of the opposition of his family. Naden filed the bill in equity already mentioned to compel appellant to fulfill the contract. Appellant filed an answer resisting the attempt to compel him to convey. He alleged that he had been defrauded in the contract, but set up no facts showing any fraud. He also filed a cross-bill to set aside the contract. He now alleges that a certain clause in the contract, providing for a forfeiture of payments if he failed to perform, made this only an option contract, but he did not set up any such claim in the pleadings in said suit. Thereafter the parties to that suit, Naden and appellant, settled that controversy by a written stipulation in which they agreed to a cancellation of the contract. Assuming that the contract was as testified by appellant that he was to pay $200 for a com-

pleted trade, yet he could not, after a binding contract had been procured for him, cancel it of his own accord and thereby defeat his agreement to pay the commission. He had visited the land and was familiar with it, and no reason is shown why he should not have performed his contract. Appellee did all that he could do. Appellant was the one who prevented the exchange of papers, by entering into this stipulation. We conclude that under the evidence appellee was entitled to recover.

The judgment is therefore affirmed.

*Affirmed.*