## PINKERTON *v.* HUDSON.

### Opinion delivered October 12, 1908.

1. REAL ESTATE BROKER—RIGHT TO COMMISSION.—Where a real estate broker contracted to furnish a purchaser of certain land, and did furnish one who was financially responsible and was accepted by the owner by entering into an enforcible contract with him, the broker is entitled to his commissions, although the purchaser failed to carry out his contract by paying the purchase money. (Page 510.)

2. SAME—DUTY TO COLLECT PURCHASE MONEY.—In the absence of a contract to the effect that the broker was to see that the purchase price was paid before he received his commission, the duty of collecting the purchase money devolved upon the vendor, and a promise by the broker in such case to pay half the costs incurred in compelling the purchaser to pay the purchase price was without consideration and not enforcible. (Page 510.)

3. SAME—REFUSAL OF PRINCIPAL TO COLLECT PURCHASE MONEY.—The fact that a real estate broker was postponed in his right to receive his commission until the purchase money was paid does not relieve the vendor of liability to pay such commission if, notwithstanding the purchaser was financially responsible, the vendor refused to collect the purchase money. (Page 511.)

Appeal from Prairie Circuit Court, Southern District; *Eugene Lankford*, Judge; reversed.

STATEMENT BY THE COURT.

This suit was by appellant against appellee for commissions alleged to be due appellant by appellee for services in selling certain real estate.

Appellant contended, and adduced evidence tending to prove, that his contract with appellee was in substance that he should procure a purchaser for certain lands of appellee, that the lands should be sold for fifteen dollars per acre, and that appellant procured such a purchaser, who bought appellee's lands at that price, and that appellant was to be paid for his services as broker in procuring the purchaser as commission the sum of $2 per acre, amounting to the sum of $740.

Appellee admitted that appellant procured a purchaser with whom appellee entered into a contract for the sale of his lands on the following terms towit: $3,000 cash and the balance in two time notes of $1500 each. Under the terms of the contract appellee was to make warranty deed and furnish abstract of title. The purchaser deposited in the bank the sum of $3,000 in compliance with the contract. Appellee furnished an abstract, but the purchaser did not accept it, and refused to carry out the contract of purchase by paying over the three thousand dollars and the deferred payments. The deal was not consummated.

Appellee brought suit in chancery against the purchaser for the specific enforcement of the contract of purchase, but afterwards dismissed the same.

Appellee adduced evidence tending to prove that appellant agreed to pay one-half the cost of the chancery suit, if appellee would bring it, to enforce the contract for the sale of the land, but afterwards said that he would not pay any of the cost of the chancery suit if it should be decided against appellee, whereupon appellee dismissed the suit.

Appellee adduced evidence to show that the understanding between him and appellant was that, after the land was sold and the purchaser had paid the money, then appellant was to get his money; that he was to get his money out of the proceeds of the sale.

The purchaser of the land was financially able to carry out the contract of purchase, and the title of appellee was good.

The court summed up the issues to the jury in the following instruction:

"This is a case brought by Pinkerton against Hudson to recover commission for sale of land. There is no question as to the employment of Mr. Pinkerton, as land agent, to sell this land as alleged, and you won't have to decide that; and it is shown that there was a purchaser brought by Mr. Pinkerton to Mr. Hudson, and a contract was entered into for the sale of the land, there is no question about that; but the sale fell through, and was never consummated, and there is no question about that. Mr. Hudson sold the land to somebody, and there is no question about that. Mr. Pinkerton claims that his agreement with Mr. Hudson was that he should sell the land for $15 an acre, out of which he was to get $2 an acre, there is no question about that; but Mr. Hudson claims that the agreement was that he was not to get his money until the sale was closed; that he was to get his money out of the money he got for the sale of the land. Mr. Pinkerton claims that was not the agreement. That will be the principal question for you to decide in this case—whether or not that was the agreement.

"The law on this point is as follows: A real estate broker is entitled to a commission."

Other instructions were given, but no error is predicated upon the law declared by the lower court. The verdict and judgment were for appellee. A motion for a new trial assigning as error that the verdict of the jury was contrary to the evi-

dence, with other grounds, was overruled, and this appeal followed.

*T. C. Trimble, Jos. T. Robinson* and *T. C. Trimble, Jr.,* for appellant.

Under appellee's own testimony, as well as other undisputed facts in evidence, appellant earned and is entitled to his commission. He procured the purchaser who was financially responsible, with whom the deal was consummated, and who entered into an enforcible contract. While the testimony shows that appellee's contention that the commission was not to be paid until after the purchase money was paid was a mere conclusion of his own, it is of little moment whether that conclusion is correct or not, since by his own act in dismissing the suit for specific performance he made it impossible for appellant to recover commission from the purchase money. It was appellee's duty to enforce the contract, and no part of appellant's duty to defray any of the expenses of the suit. 205 Pa. 241; 23 App. Div. (N. Y.) 214; 102 *id* 348; 43 L. R. A. 604; 44 *id.* 593; 57 Cal. 225; 83 Cal. 629; 43 Cal. 311; 93 Cal. 149; 90 Tenn. 77; 5 Cur. Law, 452, notes 44-47; 3 *id.* 543, note 18; *id.* 542, note 17; 103 Cal. 160; 5 Col. 174; 80 Ark. 254.

*C. B. Thweatt* and *J. H. Harrod,* for appellee.

The verdict of the jury settles (1) that under the contract appellant was to get his commission out of the purchase money when paid, and (2) that it was not appellee's fault that the sale was not consummated; because these questions were plainly submitted to them by the instructions of the court. Another instruction directed the jury to find for appellant if they found that the suit for specific performance was dismissed without his consent. *Boysen* v. *Frink,* 80 Ark. 254, does not apply because in this case no sale was consummated, but that case declares the law contrary to appellant's contention. In that case it is held, when the commission is conditioned on payment of the price, it is the duty of the broker to furnish a customer able and *willing* to comply with the proposed terms of sale, before he is entitled to commission.

WOOD, J., (after stating the facts). Upon the undisputed facts, appellant was entitled to his commission. While appellee

shows that the understanding was that appellant was not to have his commission until the deal was closed and the purchase money was paid, and that the commission was to be paid out of the proceeds of the sale, yet it appears that appellant had furnished the purchaser, who entered into a contract with the appellee for the purchase of his land. Appellee, by entering into the contract with the purchaser furnished by appellant, accepted such purchaser as satisfactory. It is not pretended by appellee that the contract was unenforcible.

The law is well settled that "where a real estate broker contracts to produce a purchaser who shall actually buy, he has performed his contract by the production of one financially able, and with whom the owner actually makes an enforcible contract of sale. The failure to carry out that contract, even if the default be that of the purchaser, does not deprive the broker of his right to commissions." *Lunney* v. *Healey,* 44 L. R. A. 593. In note to the above case it is said: "The business of a real estate broker or agent, generally, is only to find a purchaser, and the settled rule as stated by the courts is that, in the absence of an express contract between the broker and his principal, the implication generally is that the broker becomes entitled to the usual commissions whenever he brings to his principal a party who is able and willing to take the property and who enters into a valid contract upon the terms then named by the principal, although the particulars may be arranged and the matter negotiated and completed between the. principal and the purchaser directly." (Citing numerous authorities.) There was nothing in the contract of appellee with appellant, taking appellee's statement of the contract as correct, that takes it out of the purview of the general doctrine above announced.

In the absence of a contract to the effect that appellant was to see that the purchase price was paid by the purchaser before any commission should be due him or before he could receive any commission, the duty of collecting the purchase money for the sale of the land would not devolve upon him. That was the duty of the seller, the principal, and not the broker. Therefore there was no consideration for the promise on the part of appellant to pay half the costs of the chancery suit, conceding that he made it. Such promise was voluntary on his part. But, if

not, it was wholly collateral to the matter in controversy. Such a promise, unfulfilled, would not warrant appellee in refusing to enforce the contract for the sale of his lands and in failing to pay appellant the commission he had earned when appellee entered into that contract with a purchaser whom appellant had furnished, and who was financially able to pay. The sale was closed, so far as appellant was concerned, when an enforcible contract of that kind was executed.

The fact that appellant was postponed in his right to receive the commission until the purchase money was paid could not relieve appellee of the duty of collecting the money and paying appellant his commission out of it, when collected. And when appellee, by dismissing his suit in chancery to enforce the contract, virtually refused to collect the purchase money, he immediately became liable to appellant for his commission.

The case cannot be differentiated in principle from the recent decision of this court in *Boysen* v. *Frink,* 80 Ark. 254. See also *Hill* v. *Jebb,* 55 Ark. 574, where we said: "The employment of a broker to sell a tract of land constitutes a special agency, and when a sale is made the only purpose of the agency is accomplished."

The judgment of the court on the undisputed facts is contrary to law. It is therefore reversed, and the cause is remanded for new trial.