## ASHMORE v. NOBLE.

### Opinion delivered April 25, 1921.

1. LANDLORD AND TENANT—LEASE OPTION CONSTRUED.—Where an option to lease a building provided that it should be exercisable by notice in writing at any time within two years that the present tenant should vacate the premises, provided that the optionee must exercise the option within ten days from the date of receipt of written notice of vacancy, the right to exercise the option existed if the occupancy was changed within the optionee's knowledge at any time within two years from the date of the option.

2. SPECIFIC PERFORMANCE—DELAY IN EXERCISING OPTION.—Where an option to lease premises provided for its exercise on the vacancy of the building at any time within two years upon ten days' notice, and the optionee delayed for sixteen months after receiving notice of a change of occupancy, relief by way of specific performance will be denied.

Appeal from Greene Chancery Court; *Archer Wheatley*, Chancellor; affirmed.

*R. P. Taylor,* for appellant.

1. 1. A written contract for the lease of realty is susceptible of specific performance. 25 R. C. L. 283. The fact that it is an option does not displace the right of specific performance. A vendee is entitled to an option contract. 80 Ark. 209.

2. So far as appellant is concerned, there is no ground for distinction between Mrs. Noble and her codefendants. Her title is the common source of appellant's claims and those of Breckinridge and Hays alike. Tenancy by the month may be terminated upon thirty days' notice, in the absence of a showing to the contrary that a different time has been agreed upon. 105 Ark. 127. Here there is no such showing, and notice served on Mrs. Noble serves to oust her codefendants as well as herself.

3. Appellant is entitled to immediate possession. (1) The present tenants are not standing upon a failure of notice, and notice would have been futile, as they stand upon an alleged want of any right in appellant whatever, and (2) there is no affirmative proof that they were not

served with notice; the presumption is that appellant performed his duty and gave notice.  25 Ark. 311.

4.  The chancellor's findings as to the provision for notice are clearly erroneous.  The proviso in the contract was. for the purpose of enabling Mrs. Noble to force for acceptance or rejection of the lease by Ashmore and to expedite his action in that respect.

5.  The chancellor erred in fixing the departure of Stutts as the point from which a reasonable time should begin to run.  Appellant proceeded within a reasonable time to ask specific performance, and the doctrine of laches does not apply.  103 Ark. 191.

The contract of the vendor in treating the contract as no longer binding fixes the point at which begins the reasonable time allowed the vendee to tender performance.  113 Ark. 433; 20 Ore. 265; 12 L. R. A. 239-43; 25 L. R. A. 253.  Delay in seeking specific performance works no harm where there has been continuous acquiesence on both sides, but laches may be imputed to one seeking specific performance from the time when the one against whom relief is sought has indicated by acts or intentions to abandon the contract.  25 R. C. L. 252; 62 Mich. 15; 28 N. W. 744; 9 Tex. 129; 58 Am. Dec. 136-143.  See, also, Willeston on Cont., § 689.  Failure to speak or act when it is one's duty to do so amounts to action inducing postponement as effectually as any positive statement might do.  103 U. S. 828; 63 Neb. 128; 88 N. W. 171.  See, also, 70 Mich. 517; 38 N. W. 555-7; 104 Ga. 157; 30 S. E. 723; 3 Tenn. Rep. 653; 57 Mass 224-8.

Where one of the parties to an executory contract of sale formally gives notice to the other to comply, it is fatal to his right of rescission if he lacks good faith.  126 Ark. 498.

5.  Even if Mrs. Noble's waiver of her right to expedite action be held not to be a continuing one, appellant has discharged his obligation.  Mere lapse of time is not laches.  83 Ark. 154-160.

While courts of equity by analogy follow the statute of limitations, the defense of laches may be made when the lapse of time is less than the statutory limitation. 25 R. C. L. 257; 158 Cal. 290; 110 Pac. 947; 9 Tex. 129; 58 Am. Dec. 136-142; 124 Ark. 244-270; 15 R. C. L. 1125.

Where a contract has been partially performed and one makes default, the other has a choice of remedies; he may rescind or affirm, but can not do both. If he rescinds, he must return the value received. 72 Ark. 359-64.

No discretion remains in this case to refuse specific performance. The contract was freely entered into for a valuable consideration paid, and it is fair and just in all its provisions and specific performance should be decreed. 16 Ark. 340; 140 *Id.* 384; Pom., Eq. Jur. (3 ed.), § 1404.

*M. P. Huddleston, R. E. Fuhr* and *J. M. Futrell,* for appellees.

1. An option is not a sale, but only an offer to sell within a limited time, and must be accepted or rejected within such time. No notice to Ashmore was necessary, as no occasion arose for same.

2. It is unnecessary to discuss the questions of law raised by appellant, as appellant had a full and adequate remedy at law.

3. No notice was necessary to be given, as the parties had actual knowledge. Willeston on Contracts, § 57. The house was unoccupied and vacant, and notice was unnecessary and no rights accrued to appellant under his option. Willeston on Cont., § 57. See, also, 68 Md. 21; 11 Atl. 284; 6 Am. St. 417; 135 N. W. 712; 77 Pac. 134; 67 L. R. A. 571; 110 Am. St. 963.

The option here provides that same shall begin, "provided that the premises shall be vacated by the tenant who now occupies them," etc. There was no vacancy; the premises were not vacant. 48 Ark. 82; 8 Words and Phrases, p. 7258; 2 L. R. A. (N. S.) 517 and note. As the

house was not vacant, no rights accrued to appellant, and the decree is right.

Humphreys, J. This is an appeal from the decree in the Greene Chancery Court, dismissing appellant's bill to enforce an option to lease a building in Paragould, owned by appellee, Mrs. Minnie Noble. The option contract was entered into between Mrs. Minnie Noble and E. B. Ashmore on the 10th day of April, 1919, and is, in part, as follows:

"In consideration of $10 now paid by the lessee to the lessor, the receipt whereof is hereby acknowledged, the lessor shall have the option of taking a lease of the premises described as follows:

"The one-story brick building on South Pruet street now occupied as a pool room, in the city of Paragould, Ark., for a term of one year at the monthly rental of $60 per month, and the privilege of extending three (3) years additional at same rental, provided said premises shall be vacated by the tenant who now occupies said premises at any time within two years from the date of this option.

"This option shall be exercisable by notice in writing by the lessee to the lessor at any time within two years from the date hereof that the present tenant shall vacate said premises, and if and when so exercised then the lessor shall grant and the lessee shall accept a lease of the said premises for the said term which shall commence from the date of the exercise of the option, at the said rent, and the said sum of $10 paid for this option shall be applied to the payment of the first month's rent; provided that the lessee must exercise his option within ten days from the date he shall receive written notice from the lessor that said premises will be vacant and ready to be occupied by lessee within said ten days."

At the time the contract was executed the building was occupied by Hugh Stutts, as tenant of Mrs. Noble, at a rental of $50 per month. On May 7 following Hugh Stutts sold his business and equipment to appellees, G.

T. Breckenridge and Sam Hays, who thereafter occupied the building under a monthly rental contract with Mrs. Noble for $75 per month. Appellant obtained knowledge that Stutts had sold and delivered possession of his business and equipment to Breckenridge and Hays a week or ten days after the sale. He occupied an adjoining building to the building in question, for which he paid $30 per month, and, on that account, did not attempt to exercise his option under the option contract until September 20, 1920. Appellant first made a verbal request for the fulfillment of the option contract, and, when Mrs. Noble refused to execute a lease pursuant to its terms, he gave her written notice of his intention to exercise his rights under the option, then instituted this suit for specific performance of the option.

Appellant's contention is that he had a right under the option contract to lease the building at any time within two years from its date after being vacated by the tenant then occupying the building, by giving written notice to the lessor, Mrs. Noble, of his intention to exercise the option, and that it was not incumbent upon him to give written notice of his intention until Mrs. Noble first gave written notice that said tenant had vacated the building. We do not place that construction upon the contract. The two-year period in the contract had relation to the life of the contract, and not the time of the accrual of appellant's right to exercise the option. It is made manifest by the proviso in the first paragraph of the contract set out that the right to exercise the option accrued if the occupancy was changed—of course, with the knowledge of the lessee—at any time within two years from the date of the option. We see nothing in other parts of the contract in conflict with this plain proviso, which is as follows: "Provided said premises shall be vacated by the tenant who now occupies said premises at any time within two years from the date of this option." It is argued that the last proviso in the contract is in conflict with this construction, because, by it, the lessee is not required to exercise his option until

the lessor gives him ten days' written notice that the occupancy had changed. This was not the purpose of the last proviso in the option contract. The purpose of that proviso was to prevent a lapse between the time of the departure of the then tenant and the entry of the optionor, if he desired to take advantage of his option. The last proviso was clearly for the benefit of the lessor, as it permitted her to give the notice which accelerated the right to exercise the option even before the vacancy occurred. Having thus construed the contract, the only remaining question to be determined on this appeal is whether appellant attempted to exercise his option within a reasonable time after his right to specific performance accrued. The rule is that one entitled to specific performance of a contract must proceed to enforce it within a reasonable time. This court, in the case of *Uzzell* v. *Gates,* 103 Ark. 191, quoted approvingly the rule announced by Lord Cranworth to the effect that "specific performance is relief which this court will not give, unless in cases where the parties seeking it come as promptly as the nature of the case will permit." In the instant case, the appellant delayed before taking steps to enforce his option about sixteen months after receiving notice of a change in occupancy of the building in question. In the meantime, without objection or protest on the part of appellant, Mrs. Noble leased the building to others from month to month, at a rental of $75 per month. Appellant's lack of diligence prevents him now from calling on a court of equity for specific performance.

The decree is therefore affirmed.