John W. HOLLAND et al *v.* Henry DIETZ

79-113 · 595 S.W. 2d 931

Substituted opinion on denial of rehearing
delivered February 11, 1980

*Daggett, Daggett & Van Dover*, by: *W. H. Daggett*, for appellants.

*Walker, Campbell & Young*, by: *Gene C. Campbell*, for appellee.

JOHN I. PURTLE, Justice. Appellants filed suit to collect a real estate commission from appellee. The chancellor found that appellee was not liable for the commission because the buyer was unable to handle the financing necessary to pay for the property. Appellants argue on appeal that the inability of the purchaser to pay is no defense to appellee because he accepted him as a buyer for the property. Under the facts and circumstances of this case we agree with the chancellor and uphold the decree.

Appellants' listing of the property had expired when they approached appellee about selling a part of the property to the McIntosh Corporation. At this time appellee informed them he had sold the entire properties to a man named Barr. The original listing had been for $6,000,000; this was the price agreed upon between Barr and appellee. However, both the seller and buyer agreed the sale was conditioned upon Barr being able to obtain an acceptable loan in order to complete the sale. At the time of the trial the agreed financing had not come forth.

After appellee informed appellants he had sold the property he wrote a letter, at the request of the listing agent, one of the appellants, stating he had sold the property. The letter did not explain there was a condition to the sale to Barr. So far as the record reveals, there was no other offer and acceptance and no suit by any party for specific performance or damages for breach of contract other than the one before us. The chancellor held, in effect, that the contract between appellee and Barr was conditional and unenforceable. No proof of any kind was offered concerning a sale or attempted sale to anyone other than Barr.

We cannot say the chancellor erred in finding that the sale to Barr was conditional and that the condition had not materialized. We also agree that appellee had the right to enter into any kind of contract he desired after appellants' listing expired. We agree with appellants that had appellee sold the property to someone who had been led to him by the efforts of appellants, even after their listing had expired, he would be obligated to pay them a commission. However, when the owner enters into a contract with one so procured by the listing agent, as here, the owner is not bound to sell on the same terms and conditions as those required by the former listing contract. In fact, he is not bound to sell at all and certainly no commission is due if the offer is rejected or no sale is made.

Both parties rely upon *Moore* v. *Irwin,* 89 Ark. 289, 116 S.W. 662 (1909). So do we. We read *Moore* to state that whenever a broker or agent brings a purchaser to the owner and the purchaser is able and willing to buy the property by way of a valid contract upon the terms named by the owner, the broker or agent is entitled to a commission. In fact, the exact words of the opinion state:

". . . the broker becomes entitled to the usual commission whenever he brings to his principal a party who is able and willing to take the property and enter into a valid contract upon the terms then named by the principal, although the particulars may be arranged and the matter negotiated and completed between the principal and purchaser directly."

The *Moore* opinion quoted from *Pinkerton* v. *Hudson,* 87 Ark. 506, 113 S.W. 35 (1908), as follows:

". . . where a real estate broker contracts to produce a purchaser who shall actually buy, he has performed his contract by the production of one financially able, and with whom the owner actually makes an enforceable contract of sale. The failure to carry out that contract, even if the default be that of the purchaser, does not deprive the broker of his right to commissions."

Obviously, both of the above extracts from the *Moore* opinion favor appellee. However, appellants look to other language in the same opinion which states:

"The broker, having presented a proposed purchaser who is capable of entering into a contract of purchase, and willing to do so, has earned his commission when the vendor accepts him and enters into a valid contract with him for the sale of his land, even though the sale is never in fact consummated by reason of the failure of the proposed purchaser to perform his part of the contract. \*\*\* If he does so, and enters upon an executory contract for the sale of the land upon his own terms, the broker is entitled to the commission agreed upon, whether the contract is ever fully executed or not. In the absence of contract it is not the business of the broker to see that the purchase money is paid, or to enforce the contract of sale. . . . "

If we were to decide the case upon the theory of the first two quotations above we would have to affirm. On the other hand, if we relied solely upon the last portion quoted above we possibly could reverse. We try to reconcile different opinions whenever possible. When we rely upon a single opinion we must try to determine the basis of the ruling. Do we have conflicting statements in the same opinion? We think not. Upon a careful reading of *Moore* we find the whole opinion is based upon the existence of a valid and enforceable contract between the seller and the buyer. All the language treats the purchaser as being able and willing to enter into the contract. It simply places the responsibility upon the seller to enforce the contract whether the purchaser is later willing or not. We interpret this language to mean that the seller has a duty to enforce a valid contract, regardless of the terms.

If the *Moore* opinion is conflicting, some parts must be treated as being dicta or inartfully stated in order that there be a holding in the case. It cannot hold both ways on the same facts and circumstances. At least the predominant thought in the opinion is that an owner cannot deny a broker

a commission by failing to enforce a contract which he has entered into voluntarily and without fraud or misrepresentation on the part of the broker. On the other hand, an agent will not be permitted to bring an insolvent or fraudulent buyer to the seller and thereby earn a commission.

In the present case we do not believe the facts show the owner is failing to enforce a valid contract. The failure of Barr to obtain suitable financing is a condition which is not under the control of the seller. He cannot enforce it unless Barr reneges on his promise. No one would argue appellants were entitled to a commission if they presented an offer from an insolvent buyer. Nevertheless, appellants claim Barr was a product of their efforts thereby entitling them to a commission even though he is financially unable to complete the transaction. If Barr is their purchaser, he is also their unable purchaser. The elementary requirement of the buyer being able and willing is absent here. Apparently he is willing but unable. He foresaw this possibility and included in his offer a condition of certain financing. There is no evidence that Barr is actually defaulting in order to avoid a valid contract. In fact, his testimony at the trial was to the effect he was still trying to complete the deal.

Since appellee was under no duty to sell the property after the listing expired, he most certainly was free to enter upon a conditional sale if he so desired. If this sale is completed then there will be a legal obligation on the part of appellee to pay appellants a commission of $275,000. This was the decree of the chancellor and we agree it was correct. We uphold the chancellor if the decree was correct but based upon the wrong reason. Had the contract of sale been unconditional, we would hold otherwise.

Affirmed.

FOGLEMAN, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ., dissent on the basis of the dissent of HICKMAN, J., to the original opinion.

DARRELL HICKMAN, Justice, dissenting. The chancellor found against the seller Dietz on all critical issues of fact but

held as a matter of law that since the buyer Barr was unable to pay the purchase price, Dietz was not liable for the commission. The critical findings made by the chancellor are as follows:

. . .

-5-

The court finds that the plaintiff Holland was instrumental in getting the parties together for the sale and purchase of this property and if the sale to Barr had been consummated the defendant would have owed the commission to Holland. It makes no difference that the first listing agreement had expired at the time that buyer and Dietz entered into the contract of sale since Holland had put Mr. Barr in touch with the defendant during the time that the listing agreement was in effect.

-6-

However, the preponderance of the evidence is that Mr. Barr is not and was not ever financially able to make the purchase of the property. It is true that he was ready and willing to purchase the property and signed a contract to that effect, but the law contemplates that a buyer provided by a real estate broker shall be 'ready, willing and able' to make the purchase. Even though Mr. Barr signed a contract of purchase there is no evidence that he was financially responsible. The contract would not have been enforceable against Mr. Barr by specific performance.

The chancellor's application of the law was wrong. The inability to pay is no defense in this case.

In the case of *Moore* v. *Irwin*, 89 Ark. 289, 116 S.W. 662 (1909), we held that the financial ability of the purchaser was not relevant unless the real estate broker expressly warranted the purchaser was financially able to pay for the property. In this case it was contended by Dietz that since he selected the buyer, and the buyer was not furnished by the

appellant, there was no liability. When the seller selects the purchaser, then he is in no position to complain of the inability to pay. *Moore* v. *Irwin, supra; Dillinger* v. *Lee,* 148 Ark. 374, 250 S.W. 332 (1923); *Boyles* v. *Knox,* 211 Ark. 426, 200 S.W. 2d 966 (1947); *El Dorado Real Estate* v. *Garrett,* 240 Ark. 483, 400 S.W. 2d 497 (1966).

We do not know from this record whether Barr has actually purchased the property. During the trial he testified that he was still trying to raise the money and intended to buy the property. It may be that he has already purchased it.

The appellee cannot have it both ways. He cannot complain that he is liable because the buyer was not furnished by the broker and at the same time claim he is not liable because the buyer is unable to pay the price. Under those circumstances, Deitz has no complaint that the buyer he selected cannot pay for it. Nobody told him that he could.

Needless to say, I would reverse the decision of the chancellor and enter judgment for the appellant.

FOGLEMAN, J., joins in this dissent.